ON MOTION FOR RECONSIDERATION
MILLS, Judge.
The petitioners ask us to reconsider our order dismissing this cause as moot. We deny the motion for the reasons stated below.
This case grows from the indictment of Christine Falling by the Taylor County Grand Jury. Prior to the indictment, the respondent entered an administrative “gag” order. This order was admittedly entered without due process. The Tallahassee Democrat petitioned for a writ of certiorari to review this gag order. In response to our show cause order, the respondent quashed the gag order. Upon the filing of the quashing order with this court, we dismissed the petition as moot. The Tampa Tribune sought intervenor status as a petitioner. Intervention is not authorized at the appellate level; instead a petition for a writ of certiorari coupled with a motion to consolidate is appropriate. In spite of this, we have considered the Tribune’s petitions in reaching our decision. The respondent judge then, without a hearing or notice to the newspaper, entered the following order:
[Mjembers of the Grand Jury and witnesses who testified before the Grand Jury on matters concerning any alleged criminal activity upon the part of Christine Falling, are hereby restrained and enjoined from discussing or attempting to discuss with any person, in any manner whatsoever, any testimony of a witness examined before the Grand Jury, except the witnesses may disclose any testimony to the State Attorney and his staff and to the defendant, her attorney and her attorney’s staff; said injunction to remain in full force and effect until this court is convinced that such disclosure will not *59 interfere with the administration of justice.
This order is to be read with conjunction with Section 905.27 of the Florida Statutes. A violation of this order or of Section 905.27, Florida Statute will constitute criminal contempt of court.
The newspapers then petitioned for reconsideration of our dismissal. They argue that the issues raised by them have not been resolved and that they are still under a gag order. We disagree.
When review of the second order became desirable, the better practice would have been to file a second petition for a writ of certiorari, not attempt to reopen a case seeking review of a quashed order. Nevertheless, we have considered the petitions on their merits.
The second order does not appear to go any further than Section 905.27, Florida Statutes (1981). No conduct is illegal under this order that would not be also illegal under Section 905.27. The respondent has assured us that:
[T]he new Order is but a public announcement of the restriction placed upon the members of the grand jury and the witnesses from speaking about the testimony and merely reflects the intent and purpose of § 905.27 Florida Statutes.
We conclude that the newspapers are not “gagged”; nor is their access to news sources in any way limited by the respondent’s second order; nor is their ability to gather and publish news impaired or curtailed by the order, except as limited by Section 905.27. We therefore deny the motions for reconsideration.
ERVIN and WIGGINTON, JJ., concur.