ON MOTION FOR REHEARING AND/OR CERTIFICATION

PER CURIAM.
Appellant’s motion for rehearing and/or certification of a question of great public importance is hereby DENIED; however, we acknowledge the typographical error in our original opinion, noted by appellant in his motion, and issue the following corrected opinion.
We also sua sponte recognize that the trial court’s explanation of the proper analysis for determining whether a law violates the ex post facto clause, quoted with approval in our original opinion, is no longer an accurate description of the law in this area. See Gwong v. Singletary, 683 So.2d 109, 112 (Fla. 1996). Nevertheless, we have reviewed the trial court’s conclusions in this case and find them to have been in accord with the ex post facto analysis used in Gwong. To avoid any confusion, however, we have deleted from our opinion those quoted portions of the trial court’s order that were inconsistent with Gwong.
This is a timely appeal from an order declaring Rules 5 and 8 of the Rules of Executive Clemency not violative of the ex post facto clause when applied to appellant, an inmate in the state correctional system. We affirm.
The clemency rules generally require inmates to have completed their sentences before they may be eligible for a hearing before the Clemency Board. See Rule 5 of the Rules of Executive Clemency (1992). Thus, an inmate may not apply for a commutation of a currently active sentence unless he or she has been granted a waiver of the clemency rules. See Rules 5.B. and 8 of the Rules of Executive Clemency (1992).
Prior to 1985, such a waiver was unnecessary. Upon receipt of a recommendation for sentence commutation from the Department of Corrections,[1] applications for commutation of sentence which were in accordance with the clemency rules were referred to the Parole Commission for investigation, study and recommendation to the Clemency Board and were eventually placed on the Board’s agenda. See Dugger v. Williams, 593 So.2d 180, 182 (Fla.1991). In 1985, the clemency rules were changed to require a petitioner seeking commutation of an active sentence to obtain a waiver of the clemency rules before the matter could be placed on the Clemency Board’s agenda. See id.
In 1985, appellant was convicted of first degree murder and sentenced to life imprisonment, with a twenty five year minimum mandatory, for an offense he committed in 1983. In accordance with Rules 5 and 8 of the clemency rules, appellant sought a waiver of the rules in 1993 so that his case could be placed on the Clemency Board’s agenda. Appellant’s request for a clemency rules waiver was denied in February 1994.
Appellant filed a petition for writ of mandamus in the circuit court which challenged *55 on ex post facto grounds the constitutionality of applying the 1985 version of the clemency rules to his case.[2] Appellant sought a declaration from the trial court that these provisions were unconstitutional as applied to him. The trial court entered an interlocutory order which denied appellant’s request for mandamus relief but found that appellant’s claim for a declaratory judgment regarding the constitutionality of the challenged clemency rules required a hearing.
Following that hearing, the trial court found no disputed issues of fact and made the following conclusion with regard to the constitutional claim raised by appellant:
In this case, the challenged rule amendment does not impose a constitutionally objectionable condition on the plaintiffs access to consideration by the Board of Executive Clemency. The plaintiff was considered for clemency during the waiver proceedings, and the merits of his case were reviewed by the Parole Commission and by the Governor and cabinet prior to the denial of the waiver by the Governor and cabinet. The plaintiff has not been denied consideration for clemency by the amendment to the Rules. The waiver requirement added by Rule 5B., Rules of Executive Clemency, and described in Rule 8, Rules of Executive Clemency, is simply a change in the procedure by which the Board grants a hearing with personal appearance by the inmate or his representative before the Clemency Board, similar to the granting of oral argument by an appellate court. Because no substantive rights of the plaintiff were diminished, the Rules are not ex post facto rule amendments.
Because appellant has failed to show reversible error by the trial court, we affirm.
JOANOS, WOLF and VAN NORTWICK, JJ., concur.

. Prior to 1985, the Department of Corrections was required by statute to malte a recommendation for commutation of sentence for any life-sentenced inmate who had actually served ten years of his or her sentence, sustained no charge of misconduct, and had a good institutional record. See Fla.Stat. § 944.30 (1985). Although this statute was amended in 1986 and then repealed in 1988, the 1985 version of the statute applied to appellant. See Williams, 593 So.2d at 182. Appellant apparently satisfied the conditions set forth in the 1985 version of the statute and the Department made its obligatory recommendation for commutation of appellant's sentence to the Board of Executive Clemency in this case.

. Appellant also sought a declaration from the trial court that it was unconstitutional to apply the 1986 version of Fla Stat. § 944.30 to appellant’s case. This request was denied since appellant’s specific constitutional challenge had been resolved in Williams and since the 1985 version of Fla.Stat. § 944.30 had, in fact, been applied to appellant's case.