WELLS, Justice.
Carl Harvey Wade, Jr., petitions this Court for a writ of mandamus, arguing that certain waiver provisions in the Rules of Executive Clemency were improperly applied to him in violation of ex-post-faeto principles. In response, the Governor has moved to dismiss Wade’s petition.[1] We have jurisdiction under article V, section 3(b)(8) of the Florida Constitution, and grant the Governor’s dismissal motion.
Wade was convicted in 1976 for a 1975 first-degree murder and was sentenced to life imprisonment. As relevant here, the Rules of Executive Clemency in effect at that time provided that if DOC recommended that an inmate’s sentence be commuted, then that inmate’s clemency application would eventually be placed on the Clemency Board’s agenda for consideration. DOC made such a recommendation in Wade’s case in 1986.[2] In the interim, however, the Rules of Executive Clemency were amended in 1985 to require an extra step: namely, that any inmate applying for a commutation of sentence must obtain a waiver of the rules of eligibility to apply for clemency.[3] As recently and succinctly summarized by the First District Court of Appeal:
Prior to 1985, such a waiver was unnecessary. Upon receipt of a recommendation for sentence commutation from the [DOC], applications for commutation of sentence which were in accordance with the clemency rules were referred to the Parole Commission for investigation, study and recommendation to the Clemency Board and were eventually placed on the Board’s agenda. See Dugger v. Williams, 593 So.2d 180, 182 (Fla.1991). In 1985, the clemency rules were changed to require a petitioner seeking commutation of an active sentence to obtain a waiver of the clemency rules before the matter could be placed on the Clemency Board’s agenda. See id.
Rodriguez v. Chiles, 694 So.2d 53, 54 (Fla. 1st DCA 1997) (footnote omitted).
Accordingly, Wade later requested waiver in 1991, but his request (and, therefore, clemency itself) was denied despite the Florida *756 Parole Commission’s recommendation that waiver be granted in Wade’s ease.
Wade again requested waiver in 1995, but his request was again denied under rule 8 of the Rules of Executive Clemency. See supra note 3. Wade responded that he had a liberty interest in being recommended for a commutation of sentence under section 944.30, and that “[a]lthough there can be no doubt the [Clemency] Board has ultimate authority to deny my clemency request for any reason or manner or number of other reasons, this reason has been held unreasonable by the Florida Supreme Court.... I do not come under waiver Rule 8.”[4] See supra note 2. The Office of Executive Clemency replied to Wade that “you made application for a waiver of the Rules of Executive Clemency and your case was processed in accordance with Rule 8 pursuant to your application. Florida Statute 944.30 had no bearing on your application or the process under which your case was reviewed and considered.” Wade subsequently filed the present mandamus petition in this Court, arguing that application of the waiver rule to the facts of his case violated ex-post-faeto principles.[5]
This argument has already been rejected under virtually identical facts in Rodriguez, in which the First District Court of Appeal affirmed the following trial court ruling:
[T]he challenged [1985 clemency] rule amendment does not impose a constitutionally objectionable condition on the [petitioner’s] access to consideration by the Board of Executive Clemency. The plaintiff was considered for clemency during the waiver proceedings, and the merits of his case were reviewed by the Parole Commission and by the Governor and cabinet prior to the denial of the waiver by the Governor and cabinet. The [petitioner] has not been denied consideration for clemency by the [1985] amendment to the [Clemency] Rules. The waiver requirement added by Rule 5B., Rules of Executive Clemency, and described in Rule 8, Rules of Executive Clemency, is simply a change in the procedure by which the Board grants a hearing with personal appearance by the inmate or his representative before the Clemency Board, similar to the granting of oral argument by an appellate court. Because no substantive rights of the [petitioner] were diminished, the Rules are not ex post facto rule amendments.
694 So.2d at 55. We agree with this reasoning[6] and, accordingly, grant the Governor’s motion to dismiss Wade’s petition.
It is so ordered.
*757 KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.

. Wade's petition named as the respondent Harry K. Singletary, Jr., Secretary of the Department of Corrections (hereinafter "DOC”), who accordingly responded in pertinent part:
Any challenge to the Rules of Executive Clemency are outside [DOC’s] purview. Our constitution vests the power to grant pardons and clemency solely with the governor.... Since Respondent Singletary cannot respond to any challenge to the clemency rules, the Respondent requests that this court add the Governor as a party so that he may respond to the allegations raised by Petitioner Wade.
The Governor was apparently provided with a courtesy copy of this response, and he shortly thereafter filed the dismissal motion at issue here. We treat both DOC’s response and the Governor's dismissal motion as motions to add the Governor as a party, and grant same. See Fla. R.App. P. 9.040(c) (“If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought ....”); see also Fla. R.App. P. 9.360(c)(1) ("If substitution of a party is necessary for any reason, the court may so order on its own motion or that of a party.”). The Governor is thereby a formal party to this action, and accordingly, we have jurisdiction over his dismissal motion.

. Section 944.30, Florida Statutes (1975) (in effect at time of Wade’s offense and conviction), provided in pertinent part that ”[a]ny prisoner who is sentenced to life imprisonment, who has actually served 10 years and has sustained no charge of misconduct and has a good institutional record, shall be recommended by [DOC] for a reasonable commutation of his sentence ... to a term for years.” (Emphasis added). This statute was amended in 1986 to render DOC's recommendation discretionary and exclude capital felons like Wade from consideration; it was repealed in its entirety in 1988. In Wade’s case, DOC properly made the mandatory recommendation under section 944.30 before the 1986 amendments thereto took effect. Even assuming otherwise, the earlier version of section 944.30 would have nevertheless applied to Wade. See Dugger v. Williams, 593 So.2d 180 (Fla.1991) (retrospective application of 1986 amendments to section 944.30 to prisoners convicted of capital felonies prior to the effective date of those amendments violative of ex post facto). In any event, DOC satisfied the requirements of section 944.30 in Wade’s case, and that statute is not directly at issue here.

.Specifically, rule 5 of the Rules of Executive Clemency now provides in pertinent part that "[a] person may not be considered for a commutation of sentence unless he or she has been granted a waiver pursuant to Rule 8.” In turn, rule 8 of the Rules of Executive Clemency now provides in pertinent part that "[a] waiver of the rules may only be granted by the Governor with the approval of two members of the Cabinet.”

.As previously held by this Court:
An executive may grant [or deny] a pardon for good reasons or bad, or for any reason at all, and his act is final and irrevocable. Even for the grossest abuse of this discretionary power the law affords no remedy; the courts have no concern with the reasons which actuated the executive. The constitution clothes him with the power to grant [or deny] pardons, and this power is beyond the control, or even the legitimate criticism, of the judiciary. Whatever may have been the reasons for granting [or denying] the pardon, the courts cannot decline to give [the decision] effect ... and no court has the power to review grounds or motives for the action of the executive in granting [or denying] a pardon, for that would be the exercise of the pardoning power in part, and any attempt of the courts to interfere with the governor in the exercise of the pardoning power would be manifest usurpation of authority, no matter how flagrant the breach of duty upon the part of the executive, unless granted the power by competent authority or unless fraud has entered into the case.
Sullivan v. Askew, 348 So.2d 312, 315 (Fla.) (quoting 59 Am.Jur.2d Pardon and Parole § 43 (1971)) (emphasis added), cert. denied, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 159 (1977).

. We have addressed this issue in similar cases at least twice before but in mandamus petitions that resulted in unpublished orders, not published opinions. See Henninger v. Chiles, 676 So.2d 413 (Fla.1996); Tal-Mason v. Chiles, 621 So.2d 1066 (Fla.1993).

. See generally Gwong v. Singletary, 683 So.2d 109, 114 (Fla.1996) (quoting Weaver v. Graham, 450 U.S. 24, 31, 101 S.Ct. 960, 965, 67 L.Ed.2d 17 (1981), for the proposition that "it is the effect, not the form, of the law that determines whether it is ex post facto.”); Dugger v. Williams, 593 So.2d 180, 181 (Fla.1991) (recognizing general rule that ex post facto provision does not apply to purely procedural matters).