SALTER, J.

On Motion to Dismiss

Claudio Beggi appeals two final judgments of foreclosure in favor of his mortgage lender, Ocean Bank. As these cases involve units in the same condominium building, judgments entered and appealed contemporaneously, a single lender, and common issues of law and fact, we have consolidated the appeals on our own motion. Because of the appellant’s ill-conceived effort to circumvent or otherwise obstruct the judicial process by transferring the condominium units to limited liability companies under his control after the final judgments were entered, but before filing his notices of appeal, we dismiss each of the appeals for lack of standing.

Background

In early 2007, Beggi purchased Turnber-ry Village South Tower condominium units 812[1] and PH-18[2] for investment. The appellee provided mortgage loans for the transactions. Beggi stopped repaying the mortgage loans in August 2009, and foreclosure actions were filed in 2010. Ocean Bank moved for final summary judgments in May and June 2011. In opposition to the motions, Beggi argued that additional documentary discovery was due, that he wished to further amend his affirmative defenses, and that his own conclusory affidavit precluded summary judgment. He did not allege under oath that the loans *195 were not made and advanced for the purchase of the condominium units; that the notes and mortgages were not genuine; or that the allegations of non-payment were false. Final summary judgments of foreclosure were entered on July 5, 2011 ($511,246.10, Unit 812) and July 11, 2011 ($473,306.31, Unit PH-18) providing for public sale on August 8 and 11, 2011, respectively.
On July 18, 2011, Beggi conveyed each of the units to a Florida limited liability company established the same day, and for which Beggi was the sole managing member. Each quitclaim deed featured nominal documentary stamps, also indicative of a related-party transfer.[3] Unit 812 was quitclaimed[4] to “Paloma 1994, LLC,” while Unit PH-18 was quitclaimed to “Magda 1972, LLC.” Each LLC was formed with Beggi’s electronic signature as member, managing member, and registered agent.
Thereafter, Beggi served motions for rehearing and for cancellation of the foreclosure sales in each case. Those motions were denied, and these appeals followed. The foreclosure sales went forward as scheduled in each case, and Ocean Bank was the prevailing bidder. Certificates of title were issued accordingly.
Upon discovering that Beggi had “rem-ised, released, and quitclaimed” to the limited liability companies (non-parties to the actions below and the cases here) all of Beggi’s “right, title, interest, claim and demand” to the condominium units, Ocean Bank moved to dismiss these appeals for lack of standing. Initially the motions were carried with the cases, so that the parties and circuit court could provide a complete record and briefing on the issues. We now address the merits of the motions and Beggi’s responses.

Analysis

At the time the notices of appeal were filed, and also at the time Ocean Bank filed its motions to dismiss, Beggi had no interest in the two condominium units. In Penabad v. A.G. Gladstone Associates, Inc., 823 So.2d 146, 147 (Fla. 3d DCA 2002), we dismissed Ms. Penabad’s appeal after determining that “she had no ownership interest in the subject property because she had executed a quit claim deed transferring her interests to a third party.”
“Standing is a legal concept that requires a would-be litigant to demonstrate that he or she reasonably expects to be affected by the outcome of the proceeding, either directly or indirectly.” Hayes v. Guardianship of Thompson, 952 So.2d 498, 505 (Fla.2006). Beggi argues that he will be affected by the disposition of these appeals on the merits because (1) he seeks to overturn the judgment entered against him, (2) he remains personally obligated under the final judgments (by virtue of the liquidation of the amount due under the promissory notes) following his purported conveyance of the mortgaged condominium units, and (3) the transfers did not alter the “damage to [Beggi’s] credit” resulting from the judgments.
*196 We find no merit in any of these contentions, however, because Beggi’s arguments on appeal do not address any specific aspect of the amount due under the promissory note. Beggi does not dispute that he executed the notes and mortgages and that he failed to make payments due under those instruments. His contention that the judgments must be reversed because there is no evidence that documentary stamp taxes were paid on the promissory notes, for example, is frivolous. The companion mortgages in the record exhibit the payment of the stamp taxes as a required incident of recordation; see section 201.08(l)(b), Florida Statutes (2011). Beggi has advanced no legally sufficient basis for reversal of the factual and legal conclusions establishing the amounts due from him under the promissory notes.[5] Moreover, no deficiency judgment has yet been entered. Beggi will be able to oppose the entry of such a judgment if one is sought, and to appeal the judgment if one is entered.
Beggi also urges us to consider purported reassignments by the transferees (the two limited liability companies) of “all rights, responsibilities, and obligations associated with [each condominium unit]” back to Beggi. Apparently these assignments were executed and filed well after Ocean Bank moved to dismiss the appeals, and they have not been recorded (as were the quitclaim deeds from Beggi to the companies) among the public records in conformance with the recording statutes. We decline to take judicial notice of these documents, as they are not part of the record and do not qualify for notice under section 90.202, Florida Statutes (2012).
Finally, Beggi urges us to allow the limited liability company transferees to be substituted in place of Beggi, or to permit the notices of appeal to be amended, so that these appeals may continue. We decline to do so. Beggi did not notify the trial court or this court of the deeds, he did not commence the appeals in the names of the transferees (though the transfers had already been completed when the notices were filed), and he has never apprised the trial court or this court of any legal or business reason for the transfers. Florida Rule of Appellate Procedure 9.040(d) permits amendments that allow disposition of an issue on the merits, but only if that is “in the interest of justice.” These cases are the antithesis of that requirement — it seems clear that Beg-gi transferred the encumbered properties after final judgment and before the scheduled sales in an effort to obstruct and delay the inevitable.

Conclusion

We decline to permit Beggi to turn the mortgage lender’s lawful exercise of its remedies into a game of “keep away,” whereby boilerplate and sweeping requests for production of records, fact-free affirmative defenses, and dilatory tactics are employed to impede the lender. Beggi invested in the condominium units at an inauspicious time and has not weathered the foreclosure storm. His appeals are dismissed, and the cases are removed from the schedule for oral argument.
Appeals dismissed.

. Later the subject of foreclosure in circuit court case 10-14967, our case 3D11-1977.

. Later the subject of foreclosure in circuit court case 10-7387, our case 3D11-1978.

. Ocean Bank filed copies of the recorded quitclaim deeds with its motions to dismiss, and including a request that we take judicial notice of these official records. Beggi concedes here that the documents were executed by him, and concedes further that he has authority on behalf of the transferee limited liability companies to assign the transferees' interests back to Beggi.

. The legal descriptions also appear to be incomplete. Importantly, these instruments were not prepared by Beggi’s attorneys representing him here or in the circuit court actions.

. For the sake of completeness, had we ruled upon Beggi’s arguments on appeal on the merits, we would have summarily affirmed under Florida Rule of Appellate Procedure 9.315(a).