ORDER GRANTING MOTION TO DISMISS

SHEPHERD, J.
This is an appeal by Castelo Development, LLC from an order vacating a foreclosure sale. Appellee Attorneys’ Title Insurance Fund, Inc. moves to dismiss the appeal on the ground Castelo Development, the purchaser at the sale, lacks standing to prosecute the appeal. We dismiss the appeal on the authority of Beggi v. Ocean Bank, 91 So.3d 193 (Fla. 3d DCA 2012), As in Beggi, Castelo Development conveyed its interest in the real property at issue to a separate entity, Mortgage Bankers PBD, LLC by quitclaim deed while the motion to vacate was pending. At the time Castelo filed its notice of appeal and at the time the trial court ruled on the motion to vacate, Castelo had no interest in the condominium unit.[1] See id. at 195.
Castelo argues in the alternative that Mortgage Bankers can be substituted in its place at this stage of the proceeding, citing Florida Rule of Appellate Procedure 9.360(c)(1), which states, “If substitution of a party is necessary for any reason, the court may so order on its own motion or that of a party.” We disagree.
Florida Rule of Appellate Procedure 9.360 addresses parties who were present in the lower tribunal. It is questionable whether Mortgage Bankers was a party below. From the record before us, it appears counsel for Mortgage Bankers first appeared below at a hearing on Castelo’s motion for reconsideration of the order vacating the foreclosure sale. At the outset of the hearing, counsel for Mortgage Bankers identified himself, but stated he was “not appearing as part of this litigation.” However, unable to contain himself, counsel took the bait from Castelo’s counsel, who, near the end of the hour-and-ten-minute-long hearing, asked the court to give Mortgage Bankers’ counsel “two minutes.” Counsel then jumped directly into the fray. We believe this act comprised an abandonment of any prior position he had articulated and constituted a general appearance by Mortgage Bankers. Martin v. Ullman, 555 So.2d 1232, 1233 (Fla. 3d DCA 1989) (concluding active participation in proceeding constitutes general appearance). If not, however, Mortgage Bankers may not intervene in this appeal at this time. See Tallahassee Democrat, Inc. v. O'Grady, 421 So.2d 58, 58 (Fla. 1st DCA, 1982) (stating a litigant who was not a *833 party to the proceeding may not intervene after the commencement of review). If Mortgage Bankers did make a general appearance, then it is, of course, time barred from seeking review of the order before us. See Fla. R. App. P. 9.020(h); Fla. R. App. P. 9.110(a).
We thus construe Rule 9.360(c)(1) to be an enabling device, procedural in nature, by which the parties may react to events relating to the parties already before the trial court. This construction of subsection (c)(1) harmonizes it with the other three subsections of Rule 9.360(c), which pertain to ministerial matters. See Fla. R. App. P. 9.360(c)(2) (authorizing automatic substitution of a public officer who was named as a party in his or her official capacity but no longer holds the office); Fla. R. App. P. 9.360(c)(3) (authorizing substitution of the proper party for a party who dies while a proceeding is pending); Fla. R. App. P. 9.360(c)(4) (authorizing the substitution of the proper party — e.g., a later appointed personal representative— for an interested person who files a notice of appeal in the event the person entitled to file a notice dies before filing).
The authorities cited by Castelo in response to Attorneys’ Title’s Motion to Dismiss all are consistent with our interpretation of Rule 9.360(c)(1). For example, in Del Sol v. Office of the Public Defender, 994 So.2d 1145, 1146 n. 1 (Fla. 3d DCA 2008), we corrected a pro se prisoner’s scrivener’s error in a notice of appeal mistakenly named The State of Florida as the appellee, when it was obvious the prisoner meant to name The Office of The Public Defender as the appellee, and the Public Defender automatically was an appellee by our Rules. Glen Johnson, Inc. v. Resolution Trust Corp., 598 So.2d 81, 83-84 (Fla. 2d DCA 1990), is a case in which the court made the ministerial substitution of a receiver in place of a savings and loan institution which became insolvent during the pendency of the appeal. Finally, in Dudley v. McCormick, 799 So.2d 436, 438 n. 1 (Fla. 1st DCA 2001), the court merely substituted a man who had attained the age of majority after an appeal filed by his mother. See also Wade v. Singletary, 696 So.2d 754, 755 n. 1 (Fla.1997) (correcting pro se prisoner’s error in naming the Secretary of the Department of Corrections as a respondent in a petition for mandamus by substituting the proper party, the governor, who had been served with a courtesy copy of the petition and filed a motion to dismiss). See generally Philip J. Pada-vano, Florida Appellate Practice § 10.11-14 (2011 ed).
We have found no case in which this or any other court has employed Rule 9.360(c)(1) to allow a party who lacks standing to pursue an appeal. Such a rule would shake the foundation of the Florida Rules of Appellate Procedure.
Appeal dismissed.

. Castelo contends "the property swap with Mortgage Bankers was an arms-length transaction for consideration.” The quitclaim deed reflects sixty cents was paid in documentary stamps, which, according to Mortgage Bankers, indicates Castelo deeded the property to Mortgage Bankers for no consideration. Although the transfer might have been made between Castelo and some related entity, this is a distinction without a difference. The fact remains a transfer between two independent entities occurred.