702 So.2d 1331 (1997)
Ralph BODEK and Lorraine Bodek, as Parents and Natural Guardians of their minor son, Robert Bodek, on behalf of their minor son, Robert Bodek and themselves, individually, Appellants,
v.
GULLIVER ACADEMY, INC., Appellee.
No. 95-38.
District Court of Appeal of Florida, Third District.
December 10, 1997.
*1332 Charles B. Patrick and James C. Blecke, Miami, for appellants.
Knecht, Knecht & Kirby and Harold C. Knecht, Jr., Miami, for appellee.
Before NESBITT, GERSTEN and GODERICH, JJ.
PER CURIAM.
Upon remand from the Florida Supreme Court, we now address the appellants' remaining contentions that were not previously addressed by this Court. Gulliver Academy, Inc. v. Bodek, 694 So.2d 675 (Fla.1997), rev'g 659 So.2d 354 (Fla. 3d DCA 1995).
In April 1993, Gulliver Academy, Inc. [Gulliver] served the plaintiffs with its Amended Offer of Judgment. The offer of judgment provided, in part, that it was being made pursuant to section 768.79, Florida Statutes, and that "[t]he offer is being made by the Defendant, Gulliver Academy, Inc. to the Plaintiffs." The plaintiffs rejected the offer of judgment.
The case proceeded to trial, and the jury entered a verdict in favor of Gulliver. Gulliver then moved for attorney's fees and costs pursuant to section 768.79, Florida Statutes (Supp.1990). The trial court granted Gulliver's motion. The plaintiffs' appeal followed.
The plaintiffs contend that the trial court erred by granting Gulliver's motion for attorney's fees and costs where the offer of judgment to "the Plaintiffs" fails to meet the statutory requirement of section 768.79(2)(b), which provides that the offer must "[n]ame the party making it and the party to whom it is being made." See also Fla. R. Civ. P. 1.442(c)(2) (1990). Further, the plaintiffs argue that the offer of judgment is not in proper form because it fails to specify the amount that is being offered to each plaintiff. We disagree with these arguments.
In the instant case, the offer of judgment states that it was being made to "the Plaintiffs." We find that in situations, as in the instant case, where there are multiple plaintiffs, and the defendant seeks to settle with all plaintiffs, section 768.79(2)(b) is satisfied when the offer of judgment provides that it is being made to "the Plaintiffs."
Further, contrary to the plaintiffs' assertion, section 768.79 does not require that in circumstances where the offer of judgment is being made to multiple plaintiffs, that the offer of judgment state the amount that is being offered to each plaintiff. In fact, section 768.79(2)(d) merely provides that the offer of judgment must "[s]tate its total amount."[1]
Moreover, this issue was addressed in Tucker v. Shelby Mutual Insurance Co. of Shelby, Ohio, 343 So.2d 1357 (Fla. 1st DCA 1977). In Tucker, the First District interpreted an earlier version of the Offer of Judgment rule, Rule 1.442, Florida Rules of Civil Procedure, that provided, in part, that "[i]f the judgment finally obtained by the adverse party is not more favorable than the offer he must pay the costs incurred after the making of the offer." In Tucker, William Tucker brought a personal injury action seeking damages on behalf of his minor child. In the same action, he also sought damages individually for medical expenses and the denial of the services of his minor child. The defendant filed an offer of judgment in the amount of $6,000 to settle the combined claims. The offer of judgment was rejected. The jury returned a verdict that was less than the amount offered. The minor child and Mr. Tucker appealed from the cost judgment that denied their motion for costs arguing that Rule 1.442 does not permit a single offer to two plaintiffs that have separate causes of action. The First District, acknowledging that the minor child's and the *1333 parent's claims are separate and distinct, held that "where the claims of a father and his minor daughter are properly joined in one action we fail to see that violence has been done to the rule [1.442] by a defendant making one offer to both parties." Tucker, 343 So.2d at 1358. Therefore, we find that the offer of judgment met the statutory requirements of section 768.79.
Next, the plaintiffs contend that they were "powerless" to accept or reject the offer because a minor child's claim can only be settled upon approval by the trial court. § 744.387(3)(a), Fla. Stat. We reject this argument, as the First District did in Tucker:
We do not believe the provisions of the rule [1.442] and Section 744.387 are irreconcilable. We feel that a reasonable interpretation is that the court must first approve a settlement offer made for the benefit of a minor before judgment can be entered by the clerk. Once the offer is approved, the court need only specify in its order the amount payable to each party, pursuant to agreement of the parties, and the clerk is required then to enter judgment in accordance with the order.
To accept the appellants' argument that the rule has no application to the type of offer on appeal would result in an overly technical interpretation of Rule 1.442. The rule is designed to induce a party to settle litigation and obviate the necessity of a trial.
Tucker, 343 So.2d at 1359 (citations omitted).
Accordingly, we affirm the trial court's order awarding attorney's fees and costs to Gulliver.
NOTES
[1] Rule 1.442, Florida Rules of Civil Procedure, has subsequently been amended, effective January 1, 1997, to require that the proposal for settlement identify the claim or claims that are attempting to be settled. Rule 1.442(c)(3), provides as follows: "A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party."