710 So.2d 219 (1998)
John A. CROWLEY, et al., Appellants,
v.
SUNNY'S PLANTS, INC., Appellee.
No. 97-2791.
District Court of Appeal of Florida, Third District.
May 6, 1998.
*220 Josephs, Jack & Gaebe, Coral Gables; Bambi G. Blum, Miami, for appellants.
Carusello & Hunnefeld and Henry J. Hunnefeld, Coral Gables, for appellee.
Before JORGENSON, GODERICH and SHEVIN, JJ.
PER CURIAM.
The Crowleys appeal the trial court's order denying their motion for attorney's fees and costs pursuant to section 768.79, Florida Statutes (1995). For the following reasons, we reverse.
The Crowleys, on behalf of their minor son John, sued Sunny's Plants, Inc. ("Sunny's") and Luis Perez for injuries their son sustained in February 1994 when an automobile owned by Sunny's collided with John, who was riding a dirt bike. Perez, an employee of Sunny's, was operating the automobile when it collided with John. Both Sunny's and Perez were insured by the same insurance company and were represented by the same defense counsel in this case.
In September 1994, the Crowleys served the defendants with an Offer of Judgment on all claims for $60,000 pursuant to section 768.79, Florida Statutes (1995). The defendants did not respond.
In May 1995, the defendants jointly served an Offer of Judgment for $39,000 which the Crowleys did not accept. In June 1995, the Crowleys served the defendants with a second offer, identical to the defendants' offer, but asking for $39,999. Despite numerous discussions between opposing counsel, the defendants did not respond to this offer either.
Defense counsel stipulated prior to trial that the insurance company would be responsible for payment of a judgment entered against either defendant. In June 1995, Perez was dismissed without prejudice. At trial, the jury was instructed, as a matter of law, that Sunny's was vicariously liable for Perez's negligence. The jury assessed damages in the amount of $300,000, and found plaintiff 70% comparatively negligent. A judgment of $90,000 was entered against Sunny's.
In June 1997, the Crowleys filed a Motion for Order of Entitlement to Attorney's Fees ($284,187.50) and Costs ($10,000). In August 1997, the trial court found that the Crowleys were not entitled to their attorneys fees and costs because their offers of judgment did not specifically identify the parties to whom the offers were made. Also, the court ruled that the Crowleys withdrew their offers of judgment after the statutory time for defendants' acceptance had expired.
Offers of judgment are intended to resolve cases early and avoid substantial amounts of court costs and attorney's fees. See Eagleman v. Eagleman, 673 So.2d 946, 947 (Fla. 4th DCA 1996). The Crowleys' honest attempts to settle and avoid protracted litigation were rejected by Sunny's. Sunny's, not the Crowleys, will thus bear the costs associated with Sunny's improvident rejections of bona fide offers of judgment.
Joint offers of judgment by, or to, two or more defendants are valid. See Bodek v. Gulliver Academy, Inc., 702 So.2d 1331, 1332 (Fla. 3d DCA 1997). Even though the Crowleys' offers of judgment did *221 not name Sunny's and Perez individually, the general offers made to the defendants were valid under section 768.79. See id. Both these defendants were represented by the same attorney; there was no conflict of interest between the defendants and the insurance company representing both defendants. In fact, the insurance company was paying if either defendant was held liable. Furthermore, Sunny's and Perez were jointly and severally liable for any judgment when the offers were made; Sunny's was vicariously liable for the fault attributable to Perez.
The trial court erred when it interpreted section 768.79 to mean that the Crowleys had withdrawn their offers of judgment after the statutory time for defendants' acceptance had expired. According to statute, since the offers were not accepted within 30 days they were considered rejected. See § 768.79, Fla. Stat. (1995). Because the offers were rejected and the Crowleys met the other prerequisites for this statute, they should receive their attorney's fees and costs. See Kaufman v. Smith, 693 So.2d 133, 134 (Fla. 4th DCA 1997). The Crowleys' offers were open for the full 30 days and there was no written revocation delivered before the 30 days expired. Thus, any purported withdrawal of an offer after the expiration of the 30 days was a legal nullity and an event not contemplated by section 768.79.
Reversed and remanded for further proceedings consistent with this opinion.