771 So.2d 44 (2000)
SAFELITE GLASS CORPORATION, d/b/a Safelite Auto Glass, and Ernest Henly Haughton, Jr., Appellants,
v.
Willie P. SAMUEL, Mary Samuel, his wife, and Automobile Rentals, Inc., Appellees.
No. 4D99-1617.
District Court of Appeal of Florida, Fourth District.
September 27, 2000.
Rehearing Denied November 22, 2000.
*45 Hinda Klein of Conroy, Simberg & Ganon, P.A., Hollywood, for appellants.
Daniel E. Jacobson of Jacobson, Cohen & Cohen, P.A., Fort Lauderdale, for appellees Willie P. Samuel, and Mary Samuel, his wife.
GROSS, J.
We affirm the final judgment awarding attorney's fees to appellees Willie and Mary Samuel. In the underlying lawsuit, Willie Samuel brought suit for his personal injuries; Mary Samuel's claim was for loss of consortium. Appellant Safelite Glass Corporation (Safelite) was vicariously liable for the negligence of its employee, appellant Ernest Henly Haughton, Jr.
Pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79, Florida Statutes (1997), the Samuels filed a joint proposal for settlement offering to settle the case for $400,000, including all attorney's fees and costs. The proposal neither allocated the $400,000 between Mr. and Mrs. Samuel nor between appellants. Appellants did not accept the proposal.
The Samuels prevailed at trial. After reducing the damages by Mr. Samuel's percentage of comparative negligence, the trial court entered a final judgment awarding Willie Samuel $495,901.85 and Mary Samuel $115,000.00, for a total judgment of $610,901.85. The trial court awarded attorney's fees, ruling that the judgments should be "viewed in the aggregate," such that the total judgment exceeded the $400,000 offer by more than twenty-five percent.
Appellants argue that the Samuels' offer was defective for failing to comply with Rule 1.442(c)(3), which requires that a "joint proposal shall state the amount and terms attributable to each party." Appellants point out that the proposal was "made jointly by both [p]laintiffs to both [d]efendants, but did not set forth the amount and terms attributable to each of the parties."
The defendant/offerees in this case were not joint tortfeasors with potentially different degrees of fault and competing interests. See Strahan v. Gauldin, 756 So.2d 158, 161 (Fla. 5th DCA 2000); cf. McFarland & Son, Inc. v. Basel, 727 So.2d 266, 269-70 (Fla. 5th DCA), rev. denied, 743 So.2d 508 (Fla.1999) (considering the direct liability of a trucking company for negligent hiring and training, as well as the liability of the trucking company's employee for causing a fatal traffic accident). This was not a case where the tortfeasors were entitled to evaluate the offer independently based on "their individual liability situations." C & S Chem., Inc. v. McDougald, 754 So.2d 795, 797-98 (Fla. 2d DCA 2000); see Danner Constr. Co. v. Reynolds Metals Co., 760 So.2d 199, 201-02 (Fla. 2d DCA 2000). Safelite was vicariously liable for Haughton's negligence. *46 Both defendants had the same lawyer. The offer's lack of apportionment between Safelite and Haughton did not prevent a meaningful evaluation of the offer. See Crowley v. Sunny's Plants, Inc., 710 So.2d 219, 221 (Fla. 3d DCA 1998). There was no harmful error in the proposal's failure to allocate damages between two defendants whose interests were so unified under a theory of vicarious liability. This case is distinguishable from United Services Automobile Ass'n v. Behar, 752 So.2d 663 (Fla. 2nd DCA 2000). In Behar, the defendant's offer was to two plaintiffs whose claims were "separate and distinct." Id. at 664. The Behar plaintiffs were unlike the defendant/offerees in this case, whose interests were unified.
Similarly, we find no error in the failure of the plaintiffs/offerors to specify the division of damages between them in their proposal for settlement. The lack of such apportionment was "a matter of indifference" to the defendants; if they accepted the offer, they were entitled to be released by both plaintiffs. Spruce Creek Dev. Co., of Ocala, Inc. v. Drew, 746 So.2d 1109, 1116 (Fla. 5th DCA 1999); see Danner Constr. Co., 760 So.2d at 201-02; Flight Express, Inc. v. Robinson, 736 So.2d 796, 797 (Fla. 3d DCA 1999). Nothing in the record suggests that it was the failure of the plaintiffs' proposal to apportion damages between them which created an obstacle to settlement for the defendants. We agree with the third district's observation that Rule 1.442(c)(3) was "designed to obviate future conflicts as to the effect of an offer upon defendants-offerees." Flight Express, 736 So.2d at 797 n. 1.
On the remaining issue, the August 21, 1996 letter and the August 6, 1996 contingency fee contract may properly be read together to comprise the written agreement contemplated by Rule 4-1.5(f) of the Rules Regulating the Florida Bar.
AFFIRMED.
DELL, J., concurs.
POLEN, J., concurs specially with opinion.
POLEN, J., concurring specially.
I agree with the majority's affirmance, but write separately to point out that the analysis of an offer of judgment which does not meet the "joint proposal" requirements of rule 1.442(c)(3) is quite different from that pertaining to an untimely (or premature) offer under the rule. As the committee notes to rule 1.442(c)(3) reveal, the rule was enacted to conform with Fabre v. Marin, 623 So.2d 1182 (Fla.1993), which deals with dividing the exposure of various joint tortfeasors based on their respective percentages of fault. As amended, the joint proposal requirements allow one of several joint tortfeasors to independently evaluate the offer based on that tortfeasor's individual liability before deciding whether to accept same. It, thus, follows that failure to follow the joint proposal requirements of this rule is "a harmless technical violation" as to those defendants like Safelite and Haughton in the present case, who are not joint tortfeasors. See Robinson, 736 So.2d at 798.
In contrast, an untimely offer, such as that disapproved by the majority in our recent case of Grip Development, Inc. v. Coldwell Banker Residential Real Estate, Inc., 25 Fla. L. Weekly D1259, ___ So.2d ___, 2000 WL 1345153 (Fla. 4th DCA Sept. 20, 2000), affects the substantive rights of the offeree. As we held in Grip, allowing technical violations of the time requirements of the rule ultimately would lead to a "slippery slope" approach, one that both the legislature and the supreme court have gone to great lengths to avoid. Thus, our opinions which have consistently mandated strict compliance with the time requirements of an offer of judgment are readily distinguishable from those like the case before us, where the technical "joint *47 proposal" requirements are inapplicable to the parties at bar.