771 So.2d 1202 (2000)
FORD MOTOR COMPANY, a Delaware corporation, Appellant,
v.
Amanda MEYERS, a minor, By and Through her parents and legal guardians, Andrew MEYERS and Dawn Meyers, Appellees.
Nos. 4D99-1404, 4D99-1614.
District Court of Appeal of Florida, Fourth District.
October 18, 2000.
Order Denying Rehearing December 13, 2000.
*1203 Jeffrey A. Cohen and Wendy F. Lumish of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Miami and, Ronald E. Cabaniss, Francis M. McDonald, Jr., and Michael J. Wiggins of Cabaniss, McDonald, Smith & Wiggins, P.A., Orlando, for appellant.
Jeffrey A. Cohen and Wendy F. Lumish of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Miami, and Ronald E. Cabaniss, Francis M. McDonald, Jr., and Michael J. Wiggins of Cabaniss, Conroy & McDonald, Orlando, for appellant on rehearing.
Ervin A. Gonzalez of Robles & Gonzalez, P.A., Miami, and Juan P. Bauta, II, Miami, for appellees.
Ervin A. Gonzalez of Robles & Gonzalez, P.A., Miami, and Juan P. Bauta, II of Bauta & Associates, P.A., Coral Gables, for appellees on rehearing.
SHAHOOD, J.
This products liability action resulted in a jury verdict in favor of the plaintiff, Amanda Meyers ("Amanda"), a minor, and against Ford Motor Company ("Ford"). Ford appealed the final judgment and the trial court's denial of Ford's post-judgment motions for directed verdict, new trial and/or remittitur. Amanda filed a separate appeal of the order denying her motion for attorney's fees. The appeals were consolidated.
We find that none of the issues raised by Ford on appeal constitutes reversible error and, therefore, affirm the verdict and judgment in favor of Amanda without further discussion. We also affirm the denial of Amanda's request for attorney's fees based on her failure to comply with rule 1.442(c)(3), Florida Rules of Civil Procedure. This opinion addresses only the attorney's fee issue.
In the early stages of this action Amanda and her parents were the plaintiffs, and Ford Motor Company ("Ford"), and Wallace Ford, Inc. were the defendants. Ultimately, Amanda's parents voluntarily dismissed their claims, and Amanda voluntarily dismissed her claim against Wallace Ford, Inc. At a time when all parties were still participants, however, Amanda's parents filed a Proposal for Settlement, which stated the following:
Plaintiffs, AMANDA MEYERS, a minor, by and through her parents and legal guardians, ANDREW MEYERS and DAWN MEYERS, individually, serve this Proposal for Settlement, pursuant to Florida Statute 768.79, and Rule 1.442 of the Florida Rules of Civil Procedure, and Demand the total sum of Three Hundred Fifty Thousand Dollars ($350,000.00), from Defendants, FORD MOTOR COMPANY, and WALLACE FORD, INC., for settlement of this case, including attorney's fees and costs. Upon acceptance of the Proposal of Settlement, the parties shall enter into a Stipulation dismissing all pending claims or allow judgment to be entered in accordance with the Proposal For Settlement.
Both Ford and Wallace Ford, Inc. rejected the proposal.
Following entry of the $725,000 plaintiff's verdict and final judgment, Amanda moved for attorney's fees and costs pursuant to section 768.79, Florida Statutes, and Rule 1.442, Florida Rules of Civil Procedure. Following a hearing, the trial court entered an order denying Amanda's request based on failure to comply with rule 1.442(c)(3). Specifically, the court found that Amanda's proposal for settlement was deficient in that it failed to state the amount attributable to each party.
Rule 1.442(c)(3), Florida Rules of Civil Procedure, states that a "joint proposal [for settlement] shall state the amount and terms attributable to each party." The *1204 committee notes which accompany the rule state that "[t]he provision which requires that a joint proposal state the amount and terms attributable to each party is in order to conform with Fabre v. Marin, 623 So.2d 1182 (Fla.1993)."
In McFarland & Son, Inc. v. Basel, 727 So.2d 266, 269-70 (Fla. 5th DCA 1999), the court stated that:
Because an offer of judgment is made before anyone knows the result of the case, the efficacy of the offer must be analyzed as it would be at the time it was made....
In order to give effect to rule 1.442(c)(3), a general offer to a group of defendants without assigning each defendant a specific amount must be held to lack the particularity required by the rule.... While obviously a plaintiff making an offer of judgment cannot know the percentage of fault to assign each defendant to whom it proposes settlement, the rule requires that a specific amount be set forth as to each defendant, thus eliminating the possibility of a joint and several-type settlement which leaves the defendants in limbo and opens the door to continued litigation between the defendants.
Id. at 270.
On appeal, Amanda argues that the rule should not be applied so literally in this case because this is not a situation in which the defendants have competing interests or where fault must be apportioned, as in Fabre. Because Ford had agreed to indemnify its dealer, Wallace Ford, Inc., and had, in fact, provided a defense for Wallace Ford, Inc., Amanda contends that the two parties should be treated as one entity for purposes of considering her proposal for settlement. We are unable, however, to ignore the plain language of the rule. While Amanda's position may be persuasive, she has provided no authority which would support making an exception in this case.
At the time the Proposal for Settlement was made, both Ford and Wallace Ford, Inc., were named defendants. Any indemnification agreement between the two defendants would not have affected Amanda's right to recover from Wallace Ford, Inc., if judgment had been entered against that defendant alone. Therefore, the facts in this case do not justify carving an exception to the rule[1].
All issues raised by both parties in their respective appeals are affirmed.
GUNTHER and GROSS, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
We deny the motion for rehearing. We agree with Ford Motor Company that at the time the offer of settlement was made, it was still possible that Wallace Ford could have been found to be independently liable to the plaintiff. If such independent liability had been established, Ford Motor Company would not have been obligated to indemnify its dealer. Liability would have been apportioned between the defendants consistent with Fabre v. Marin, 623 So.2d 1182 (Fla.1993). This further distinguishes this case from Safelite Glass Corp. v. Samuel, 771 So.2d 44 (Fla. 4th DCA 2000).
GUNTHER, SHAHOOD and GROSS, JJ., concur.
NOTES
[1] We distinguish this court's recent case of Safelite Glass Corp. v. Samuel, 771 So.2d 44 (Fla. 4th DCA 2000). In Safelite, one defendant was vicariously liable for the tortious conduct of its employee. This case is not a case of vicarious liability.