799 So.2d 436 (2001)
Linda DUDLEY and Marcello Dudley, Appellants,
v.
Evelyn Taylor McCORMICK, Appellee.
No. 1D00-4448.
District Court of Appeal of Florida, First District.
November 16, 2001.
*437 H. Guy Green of Green Law Offices, Marianna, for Appellants.
Tammy de Soto Cicchetti, and Stephan Lampasso of The Cicchetti Law Firm, Tallahassee, for Appellee.
BENTON, J.
Linda Dudley, individually, and as "best friend and next of kin" of Marcello Dudley, brought this appeal of the award of attorney's fees and costs against her, individually, and against her, as "best friend and next of kin" of Marcello Dudley, her son. We reverse the award of attorney's fees, because the proposal for settlement on which the award was predicated did not distinguish between what was offered to settle her individual claim and what was offered to settle the claim she brought on her son's behalf. We affirm the award of costs against Ms. Dudley, individually, and against her son, who is no longer a minor,[1] *438 but we do so solely on the authority of section 57.041(1), Florida Statutes (1997).
After an automobile accident occurred while Marcello Dudley was driving her car, Ms. Dudley brought suit, both on behalf of her son, and on her own behalf, against Evelyn Taylor McCormick, the driver of the other car. More than ninety "days after the action ha[d] been commenced," Fla. R. Civ. P. 1.442(b), Ms. McCormick made a written offer to settle "all pending disputes" for $1,750:
1. This is an offer to completely resolve all pending disputes between Defendant, EVELYN TAYLOR McCORMICK and her insurer, and Plaintiffs, LINDA DUDLEY, individually and as best friend and next of kin of MARCELLO DUDLEY and MARCELLO DUDLEY, a minor, in the action styled above, arising out of injuries and damages allegedly suffered by Plaintiffs, on or about August 1, 1997....
2. The conditions of this offer/proposal are that Defendant, EVELYN TAYLOR McCORMICK shall agree to resolve all claims against her for a total sum of ONE THOUSAND SEVEN HUNDRED FIFTY DOLLARS AND NO CENTS ($1,750.00)....
. . . .
4. If this offer/proposal is accepted, each party to this Agreement shall bear their own attorneys' fees and costs. If accepted, all disputes and claims between Plaintiffs, LINDA DUDLEY, individually and as best friend and next of kin of MARCELLO DUDLEY and MARCELLO DUDLEY, a minor and EVELYN TAYLOR McCORMICK and her insurer will be completely resolved. Ms. Dudley did not accept this offer in whole or in part, either in her individual capacity or in her representative capacity, and the case went to trial while Marcello Dudley was still a minor. The grant of a defense motion for directed verdict on all claims brought the trial to a close, and the ensuing defense judgment was affirmed on appeal. Dudley v. McCormick, 766 So.2d 1046 (Fla. 1st DCA 2000) (table).
A separate judgment awarding Ms. McCormick fees and costs provided:
1. That the Defendant is entitled to an award of reasonable attorneys' fees, pursuant to Section 768.79, Florida Statutes, Rule 1.442, Florida Rules of Civil Procedure, given Defendant's Proposal for Settlement served June 1, 1998, in the amount of $1750.00, which was not accepted by the Plaintiff, and the Directed Verdict, in favor of Defendant, entered by the Court at the close of Plaintiffs case, which was reduced to a Final Judgment dated August 24, 1999. Defendant is entitled to an award of reasonable attorney's fees from the date of the Proposal for Settlement, June 1, 1998, through the conclusion of this case.
2. That Defendant is entitled to reimbursement of costs expended in defending this action pursuant to Section 57.041, Florida Statutes, as a prevailing party and pursuant to Section 768.79, Florida Statutes, Rule 1.442, Florida Rules of Civil Procedure and Defendant's Proposal for Settlement served on June 1, 1998, but not accepted by Plaintiffs, from the inception of the case to its conclusion.
. . . .
IT IS therefore ADJUDGED that Defendant, EVELYN TAYLOR McCORMICK, recover from Plaintiffs, LINDA *439 DUDLEY, individually and as best friend and next of kin of MARCELLO DUDLEY, a minor, the sum of $28,810.13 ... for attorney's fees, with costs in the sum of $7,785.53....
Ms. Dudley instituted an appeal of this judgment on behalf of herself and her son.
They contend that the proposal for settlement was inadequate to support the fee and cost awards because the proposal did not identify the amount offered to Ms. Dudley in her individual capacity, or distinguish between the amount offered to her in her individual capacity and the amount offered to her (or her son) in her representative capacity.[2] Her individual claims, although arising out of the same accident, were distinct from those of her son. See Tucker v. Shelby Mut. Ins. Co., 343 So.2d 1357, 1358 (Fla. 1st DCA 1977) ("A parent's right of action for recovery of... medical expenses is independent of the right of action of the child arising from the same incident.").
At issue is whether Ms. McCormick's proposal for settlement met applicable procedural requirements. Florida Rule of Civil Procedure 1.442 "applies to all proposals for settlement authorized by Florida law, regardless of the terms used to refer to such offers, demands, or proposals, and supersedes all other provisions of the rules and statutes that may be inconsistent with this rule." The proposal for settlement statute[3] on which the court relied in awarding attorney's fees sets out certain criteria a settlement offer must meet if it is to serve as the predicate for an award.
An offer must:
(a) Be in writing and state that it is being made pursuant to this section.
(b) Name the party making it and the party to whom it is being made.
(c) State with particularity the amount offered to settle a claim for punitive damages, if any.
(d) State its total amount.
The offer shall be construed as including all damages which may be awarded in a final judgment.
§ 768.79(2), Fla. Stat. (1997). These statutory criteria do not run afoul of the procedural requirements set out in Rule 1.442(c), although they are not identical. Rule 1.442(c)(2)(C) requires, for example, that the proposal "state with particularity any relevant conditions." Of pivotal importance in the present case is this language in the rule: "A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party." Fla. R. Civ. P. 1.442(c)(3).
Ms. Dudley was the real party in interest below insofar as her own, individual claims were concerned. But she was not *440 the real party in interest insofar as her son's claims were concerned. She was asserting his claims as his representative. See Youngblood v. Taylor, 89 So.2d 503, 505-06 (Fla.1956) (holding that res judicata did not prevent a father's bringing an individual action for medical expenses incurred in treating his child's injuries, even though an action the father had brought as next friend for his child resulted in an adverse jury verdict); Wilkie v. Roberts, 91 Fla. 1064, 109 So. 225, 227 (1926); Wisconsin v. Martorella, 670 So.2d 1161, 1162 (Fla. 4th DCA 1996); M.S.S. v. DeMaio, 503 So.2d 1384, 1387 (Fla. 5th DCA 1987); Brown v. Caldwell, 389 So.2d 287, 288 (Fla. 1st DCA 1980); Cicero v. Paradis, 184 So.2d 212, 215 (Fla. 2d DCA 1966). "[T]he real party plaintiff in interest is the minor ... rather than his mother the nominal plaintiff." City of Jacksonville v. Raulerson, 415 So.2d 1303, 1304 (Fla. 1st DCA 1982); see Youngblood, 89 So.2d at 506; Gilbertson v. Boggs, 743 So.2d 123, 127-28 (Fla. 4th DCA 1999); Kingsley v. Kingsley, 623 So.2d 780, 784 (Fla. 5th DCA 1993); Cicero, 184 So.2d at 215. In suing on behalf of her son, Ms. Dudley acted as his de facto guardian ad litem. See 744.301(2), Fla. Stat. (1999). But Marcello Dudley was the real party in interest. See Garner v. I.E. Schilling, Co., 128 Fla. 353, 174 So. 837, 839-40 (1937); Raulerson, 415 So.2d at 1304; Brown, 389 So.2d at 288; see also Fla. R. Civ. P. 1.210(a). The present case thus involved two plaintiffs, not one: the minor was a real party in interest, and the adult representing him also sued in her own right.
As amended,[4] Florida Rule of Civil Procedure 1.442(c)(3) requires that a proposal for settlement "state the amount and terms attributable to each party." For failure to state the amount and terms "attributable" to each of two different parties plaintiff, Ms. McCormick's proposal for settlement failed to meet the requirements of the rule. See United Servs. Auto. Ass'n v. Behar, 752 So.2d 663, 664-65 (Fla. 2d DCA 2000). See also Julie H. Littky Rubin, Proposals for Settlement, Fla. B.J., Feb. 2001, at 12, 14-15. Because there were two distinct parties plaintiff below (Ms. Dudley, individually, and her son, whom she represented), Ms. McCormick's proposal for settlement did not comply with the rule.
Ms. Dudley might have been willing to settle her individual claims for all or part of the amount offered, if she had been able to do so without compromising her son's claims for allegedly permanent injuries, or vice versa. The proposal sought to settle the claims of two distinct offerees by payment of a single, undivided sum.[5]Compare *441 Safelite Glass Corp. v. Samuel, 771 So.2d 44, 45-46 (Fla. 4th DCA 2000), with Ford Motor Co. v. Meyers, 771 So.2d 1202, 1204 & n. 1 (Fla. 4th DCA 2000).
Importantly, the present case differs from a wrongful death case, where the personal representative, who is a statutory party (albeit acting on behalf of the decedent's survivors and the decedent's estate) may settle all claims. See §§ 768.20, 768.25, Fla. Stat. (2000) (Wrongful Death); see also Guadalupe v. Peterson, 779 So.2d 494, 496 (Fla. 2d DCA 2000); In re Estate of Catapane, 759 So.2d 9, 10-11 (Fla. 4th DCA 2000); Pearson v. DeLamerens, 656 So.2d 217, 220 (Fla. 3d DCA 1995). The personal representative is herself or himself the party plaintiff in a suit for wrongful death. See § 768.20, Fla. Stat. (2000) ("Parties.The action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate....").
If the personal representative secures a recovery in a wrongful death case, the personal representative apportions it among those entitled to receive it, subject to court approval if a survivor objects. See § 768.25, Fla. Stat. (2000). A defendant in a wrongful death action need not apportion a proposed settlement among the estate and survivors on behalf of whom the personal representative is acting in order to comply with the requirements of section 768.79 and Florida Rule of Civil Procedure 1.442. No such proposed apportionment would bind the personal representative in any event.[6]
Because Ms. McCormick's proposal for settlement did not specify separate amounts for mother and son (or designate only one plaintiff the offeree) as required by Florida Rule of Civil Procedure 1.442(c)(3), we reverse the award of attorney's fees as unauthorized either by the rule or by section 768.79(2), Florida Statutes (1997). While these provisions do not authorize the award of costs, either, the cost award was independently authorized under section 57.041(1), Florida Statutes (1997), and is properly affirmed on that basis.
Affirmed in part, and reversed in part.
WOLF and KAHN, JJ., CONCUR.
NOTES
[1] On our own motion, we have substituted Marcello Dudley for "Linda Dudley as best friend and next of kin of Marcello Dudley," because Marcello Dudley has attained his majority. See Fla. R. App. P. 9.360(c)(1).
[2] This issue is properly preserved even though Ms. Dudley did not raise the objection at the initial hearing on fees and costs. At a second hearing, Ms. Dudley filed numerous written objections to the award of attorney's fees and costs, including the objection that the proposal for settlement was inadequate because it failed to state to whom the offer was made. The trial court considered these objections before entering the final judgment awarding costs and fees at a time when it had full authority to reconsider any interlocutory rulings. See Nationsbank v. Ziner, 726 So.2d 364, 366 n. 1 (Fla. 4th DCA 1999); Stepp v. State Farm Fire & Cas. Co., 656 So.2d 494, 497 (Fla. 1st DCA 1995); Whitlock v. Drazinic, 622 So.2d 142, 143-44 (Fla. 5th DCA 1993) (en banc).
[3] The substantive right to attorney's fees, which is properly the subject of legislation, see Leapai v. Milton, 595 So.2d 12 (Fla.1992), has not been called into question here. See generally Timmons v. Combs, 608 So.2d 1 (Fla.1992).
[4] Before the amendment to Florida Rule of Civil Procedure 1.442(c)(3) took effect, an offer of settlement made to multiple plaintiffs sufficed under section 768.79, as long as it identified the source of the proposed payment. See Herzog v. K-Mart Corp., 760 So.2d 1006, 1009 (Fla. 4th DCA 2000); Bodek v. Gulliver Academy, 702 So.2d 1331, 1332 (Fla. 3d DCA 1997); Tucker v. Shelby Mut. Ins. Co., 343 So.2d 1357, 1358 (Fla. 1st DCA 1977); but see Allstate Indem. Co. v. Hingson, 774 So.2d 44, 44 (Fla. 2d DCA 2000) (applying amended version of Florida Rule of Civil Procedure 1.442(c)(3) to an offer of settlement served prior to January 1, 1997). Ms. McCormick's proposal for settlement was served after January 1, 1997, the effective date of the amendment. See In re Amendments to Fla. Rules of Civil Procedure, 682 So.2d 105, 107 (Fla.1996). Under the amendment, any offer of settlement made to multiple plaintiffs must identify what is offered to each plaintiff. Applying Rule 1.442, as since amended, to the facts in Bodek and Tucker would require different results in those cases.
[5] This is not a case where multiple defendants offer to settle with a single plaintiff or multiple plaintiffs offer to settle with a single defendant. Cf. Spruce Creek Dev. Co. v. Drew, 746 So.2d 1109, 1116 (Fla. 5th DCA 1999); Flight Express, Inc. v. Robinson, 736 So.2d 796, 797 (Fla. 3d DCA 1999); but see Allstate Ins. Co. v. Materiale, 787 So.2d 173, 175 (Fla. 2d DCA 2001).
[6] But where, for example, the personal representative was injured in the same accident that caused the decedent's death and sued both in individual and in statutory capacities, the personal representative would have dual roles analogous to those Ms. Dudley assumed below. In that event, any defense proposal for settlement would have to "state with particularity" what was offered to the personal representative individually and what was offered to the personal representative as a statutory party.