817 So.2d 1050 (2002)
HILYER SOD, INC., Appellant,
v.
WILLIS SHAW EXPRESS, INC., an Arkansas corporation, and Edward McAlpine, Appellees.
No. 1D01-2556.
District Court of Appeal of Florida, First District.
June 6, 2002.
*1051 Randy Fischer of Boehm, Brown, Seacrest, & Fischer, P.A., Ocala, for Appellant.
John W. Frost, II, and Peter W. van den Boom, Frost & Saunders, P.A., Bartow, for Appellees.
KAHN, J.
This appeal arises from an underlying cause of action involving an accident between two commercial tractor-trailers. Plaintiff/appellee, Willis Shaw Express, Inc., sought to recover damages incurred to its tractor-trailer, damages to the cargo, towing costs, loss of use for one of its tractor-trailers and pre-trial interest on the damages, totaling approximately $129,000.00. Plaintiff/appellee, Edward McAlpine, sought to recover damages for the loss of personal property that he had stored in the tractor, totaling approximately $1,800.00. These two plaintiffs joined their causes of action in one complaint.
Willis Shaw Express, Inc., and Edward McAlpine, served a joint proposal of settlement to defendant/appellant Hilyer Sod, Inc. The joint proposal of settlement was for $95,001.00 and did not specify the *1052 amounts and terms each plaintiff was requesting. The trial court granted the plaintiffs' subsequent motion for attorney's fees and costs because the ultimate total of the recoveries was more than 25% greater than the proposed settlement amount. See § 768.79(1), Fla. Stat. (1999). Hilyer Sod, appeals arguing the joint proposal was invalid for failure to apportion the damages between the plaintiffs. We agree and reverse.
The proposal for settlement served by the plaintiffs attempted to settle all claims among the parties and stated:
3. The proposal will require plaintiffs, WILLIS SHAW EXPRESS, INC. and EDWARD McALPINE, to sign a standard release in favor of defendant, HILYER SOD, INC., and to file a notice of dismissal with prejudice of the claims plaintiffs, WILLIS SHAW EXPRESS, INC. and EDWARD McALPINE, have filed against defendant, HILYER SOD, INC., in this action.
4. The total amount being offered with this proposal is NINETY-FIVE THOUSAND ONE AND NO/100 DOLLARS ($95,001.00).
Section 768.79, Florida Statutes, provides a sanction against a party that unreasonably rejects an offer of settlement. See § 768.79(1), Fla. Stat. (1999). Rule 1.442, Florida Rules of Civil Procedure, implements this statute and lists the criteria that an offer must meet to be enforceable. Effective January 1, 1997, Rule 1.442 was amended to require more specificity in offers. See In re Amendments to Fla. R. Civ. P., 682 So.2d 105, 107 (Fla.1996). Rule 1.442(c)(3) now reads:
A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party.
Since the amendment, this specificity requirement has been the subject of much litigation.
Generally, an offeror must apportion an offer of settlement among offerees, whether the offerees are plaintiffs or defendants. See, e.g., Allstate Indem. Co. v. Hingson, 808 So.2d 197, 199 (Fla.2002) (holding that the old rule required an offer to multiple plaintiffs to be apportioned among the plaintiffs, even without the specificity requirement that was added to the rule in 1997); Dudley v. McCormick, 799 So.2d 436, 441 (Fla. 1st DCA 2001) (holding that Rule 1.442 requires that a joint offer made by a single defendant to two separate plaintiffs must specify the amount to go to each plaintiff); McFarland & Son, Inc. v. Basel, 727 So.2d 266, 270 (Fla. 5th DCA 1999) ("[A] general offer to a group of defendants without assigning each defendant a specific amount must be held to lack the particularity required by the rule."); Ford Motor Co. v. Meyers ex rel. Meyers, 771 So.2d 1202, 1204 (Fla. 4th DCA 2000) (holding that a general offer made to two defendants was deficient even though there was an indemnification agreement between the two defendants); but see Safelite Glass Corp. v. Samuel, 771 So.2d 44, 45-46 (Fla. 4th DCA 2000) (holding that an offer made to two defendants was not deficient for failure to apportion the amount between those defendants because one defendant was vicariously liable for the other defendant's negligence). Similarly, multiple defendants/offerors must apportion their offer among themselves. See Twiddy v. Guttenplan, 678 So.2d 488, 489 (Fla. 2d DCA 1996). This specificity requirement, applied even prior to the amendment to Rule 1.442, allows each party to evaluate the offer independently. See C & S Chem., Inc. v. McDougald, 754 So.2d 795, 797-98 n. 3 (Fla. 2d DCA 2000). At issue *1053 in this case is whether an offer from two plaintiffs to one defendant must specify the amount requested from each plaintiff.
In Florida, the district courts of appeal are split as to whether an offer from multiple plaintiffs must apportion the offer among the plaintiffs. In Flight Express, Inc. v. Robinson, the court rejected an approach that would require apportionment among plaintiffs because the committee notes to the rule suggest that the 1997 amendment was designed to conform to Fabre v. Marin, 623 So.2d 1182 (Fla.1993):
The amended rule is thus designed to obviate future conflicts as to the effect of an offer upon defendants-offerees. Considered in this light, the failure to follow the rule as to offerors must be considered merely a harmless technical violation which did not affect the rights of the parties.
736 So.2d 796, 797 n. 1 (Fla. 3d DCA 1999) (citation omitted). Following the Flight Express opinion, the Fourth and Fifth Districts have stated that the lack of apportionment among plaintiffs/offerors is a matter of indifference to the defendant/offeree. See Safelite, 771 So.2d at 46; Spruce Creek Dev. Co., of Ocala, Inc. v. Drew, 746 So.2d 1109, 1116 (Fla. 5th DCA 1999). These courts reasoned that the defendant is entitled to be released from all claims no matter who takes what portion of the settlement. See Safelite, 771 So.2d at 46; Spruce Creek, 746 So.2d at 1116. The Second District has now disagreed with this reasoning stating, "Regardless of whether such acceptance would entitle a defendant to be released by both claimants, a defendant should be allowed to evaluate each plaintiffs claim separately." Allstate Ins. Co. v. Materiale, 787 So.2d 173, 175 (Fla. 2d DCA 2001). This court has recognized the conflict without commenting on it. See Dudley, 799 So.2d at 440 n. 5.
The Second District concluded that the offeree/defendant is entitled to know the amount and terms of the offer that are attributable to each plaintiff in order to evaluate the offer as it pertains to each party's particular claim. See Materiale, 787 So.2d at 175. Materiale noted that the rule would be particularly important on claims alleging loss of consortium where defendants may choose to settle the claim for a minimal amount and go to trial on the main claim.
Although we ultimately side with the Second District, it seems to us that the rule is also important in a case such as the present one where the damage claims are related only by the happenstance that both losses were caused by the same tortious act. The Fifth District suggested in Spruce Creek that lack of apportionment among plaintiffs is a matter of indifference to the defendant. Respectfully, this postulate may not bear out because the defendant may have supportable defenses to certain of the damage claims, if not to all the claims. We agree with the Second District's statement that a valid offer should not require the defendant to make an all-or-nothing determination without permitting it to evaluate each claim separately, particularly where the damage claims are related only by the defendant's negligent act.
The all-or-nothing joint proposal is contrary to the statutory goal of encouraging resolution of disputed claims without the unnecessary consumption of scarce judicial resources. See Materiale, 787 So.2d at 176 (Casanueva, J., concurring). The view offered by the appellees would require a defendant, who may be perfectly willing to settle one claim, go to trial on the entire claim and then face the liability for attorney's fees. We agree with the comments of Judge Casanueva: "If one of the claims is resolved, the defendant, as well as the plaintiffs, will save future expenditure of *1054 attorney's fees and costs related to this claim." Id. We note in particular, one potentiality not addressed by the appellees a subsequent round of litigation among plaintiffs over allocation of the attorney's fee award. Cf. Hingson, 808 So.2d at 199 (stating, in the context of an undifferentiated offer made to multiple plaintiffs, that the offer must be differentiated because "[o]therwise, in many cases, it would be impossible for the trial court to determine the amount attributable to each party in order to make a further determination of whether the judgment against only one of the parties was at least twenty-five percent more or less than the offer (depending on which party made the offer).").
Moreover, the offer of judgment statute and rule should be strictly construed because the procedure is in derogation of the common law and is penal in nature. Florida follows the common law approach to attorney's fees under which each party pays its own fees, absent a statutory or contractual provision to the contrary. See Dade County v. Pena, 664 So.2d 959, 960 (Fla.1995) ("This Court follows the `American Rule' that attorney's fees may only be awarded by a court pursuant to an entitling statute or an agreement of the parties.") (citing Florida Patient's Comp. Fund v. Rowe, 472 So.2d 1145, 1148 (Fla.1985)). Any statute that deviates from the common law approach must be strictly construed. See Major League Baseball v. Morsani, 790 So.2d 1071, 1077-78 (Fla.2001) ("[A] statute enacted in derogation of the common law must be strictly construed. ...").
In addition, section 768.79 imposes a penalty for unreasonably rejecting a settlement offer. "Statutes imposing a penalty must always be construed strictly in favor of the one against whom the penalty is imposed and are never to be extended by construction." Holmberg v. Dep't of Nat. Resources, 503 So.2d 944, 947 (Fla. 1st DCA 1987); see also TGI Friday's, Inc. v. Dvorak, 663 So.2d 606, 615 (Fla. 1995) ("Statutes awarding attorney fees in the nature of a penalty must also be strictly construed.") (Wells, J., concurring in part and dissenting in part). This rule is so well-cemented in Florida law that the Florida Supreme Court has applied the rule without a great deal of explanation. See Pena, 664 So.2d at 960 ("`[S]tatutes awarding attorney's fees must be strictly construed.'") (quoting Gershuny v. Martin McFall Messenger Anesthesia Prof'l Ass'n, 539 So.2d 1131, 1132 (Fla.1989)). The abundance of case law cited by both parties in this case demonstrates that courts have generally applied a strict construction to section 768.79 and Rule 1.442 by the frequency with which they invalidate unspecified offers. See, e.g., Hingson, 808 So.2d at 199; Dudley, 799 So.2d at 441; Behar, 752 So.2d at 664-65.
The appellees propose that the court should evaluate the validity of an offer of judgment on a case-by-case basis. Appellees further argue that because the damages in this case were outlined in detail in the complaint, failure to apportion the offer between the plaintiffs did not affect the defendant's ability to evaluate the offer. We reject such an approach. The statute and rule must be consistently applied to facilitate predictability. In the case of proposals by multiple plaintiffs, we opt for the approach already taken with offers to multiple plaintiffs.
We hold that an offer of settlement made jointly by multiple plaintiffs must apportion amounts "attributable to each party." Fla. R. Civ. P. 1.442(c)(3). We certify conflict with Flight Express and Spruce Creek.
REVERSED.
BOOTH, J., concurs and POLSTON, J., concurs with opinion.
*1055 POLSTON, J., concurring.
I agree that the case should be reversed because the joint proposal was invalid for failure to apportion the damages between the plaintiffs on a plain reading of amended Fla. R. Civ. P. 1.442(c)(3) and on the basis of Allstate Indemnity Co. v. Hingson, 808 So.2d 197 (Fla.2002).
Although I recognize that a bright-line test requiring identification of separate amounts in joint proposals may decrease litigation over the rule's application, I believe that the primary reasons by various cases that support reversal in this case are flawed. The two primary reasons are that (i) the parties receiving the proposal can better evaluate the proposal so as to facilitate settlement, and (ii) the trial court can determine whether amounts are due under the rule after the trial.
First, the receiving parties' evaluation of the case depends on their own view of the facts and the law, along with other strategic issues of the case, with respect to each proposing party. This evaluation is based on the parties and their lawyers' experience, discovery, and research, and is not dependent on the opposing side's view of the case. In this case, the defendant received a joint proposal from the plaintiffs which had to be accepted or rejected in total. This is not unusual because many parties wish to settle only if they can be completely done with the case and in most instances they do not care how the other side splits the money. The rule seems to encourage these types of proposals in order to facilitate settlement. Fla. R. Civ. P. 1.442(c)(3) ("a proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal"). The separate identification of the proposal amounts only assists the receiving parties in evaluating the proposal if the proposal is available to accept individually. If the proposal is made jointly without the opportunity to accept individual settlements with the proposing parties, then there is no evaluation benefit. However, the other side is free to make its own proposal to the separate opposing parties.
Second, I recognize the potential for cases with multiple parties that may be difficult for the trial court to determine whether amounts are due under the rule after the trial. However, in this case, the trial court made the determination by evaluating the aggregate amounts without any difficulty. In the difficult cases, the movants under the rule bear the burden of proof, and if it cannot be determined that amounts are due, then the motion fails. That is, if the movants do not wish to disclose the separate amounts in those difficult cases for strategic reasons, then they bear the risk of not being able to prove entitlement under the rule.