WARNER, J.
In denying, a post-judgment motion for attorney’s fees pursuant to an offer of judgment, the trial court determined that the offer was made jointly to two defendants, one of whom was vicariously liable for the acts of the other. Because the offer did not apportion the settlement amount between the defendants, the court held that it was invalid based upon Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276 (Fla.2003), Matetzschk v. Lamb, 849 So.2d 1141 (Fla. 5th DCA 2003), and Ford Motor Co. v. Meyers, 771 So.2d 1202 (Fla. 4th DCA 2000).
Although Willis Shaw did not involve a single proposal to multiple defendants, one of whom was vicariously liable for the other, it determined that Florida Rule of Civil Procedure 1.442, which deals with proposals for settlement, must be strictly construed. 849 So.2d at 278. It held that “offers of judgment made by multiple of-ferors must apportion the amounts attributable to each offeror.” Id. at 278-79. Matetzschk applied Willis Shaw to an offer made to two defendants (husband and wife), .one of whom was vicariously liable for the other, and concluded that an offer, of settlement to the defendants was invalid where it did not apportion the amount of the settlement proposal between them. It noted conflict with Barnes v. The Kellogg Co., 846 So.2d 568 (Fla. 2d DCA 2003).
In Safelite Glass Corp. v. Samuel, 771 So.2d 44 (Fla. 4th DCA 2000), we held that an unapportioned proposal for settlement is valid when served on two defendants, one of whom is vicariously liable for the *1096 other. Very recently, in Cohen v. Arvin, 878 So.2d 403 (Fla. 4th DCA 2004), we relied on Matetzschk and Willis Shaw to hold that such a proposal was invalid. While this panel thinks that Safelite is a better reasoned result, Safelite was decided prior to Willis Shaw.
Based on Cohen, we affirm. However, we also certify conflict with Barnes, as did Matetzschk. We note that the supreme court has accepted jurisdiction to resolve the conflict. See Lamb v. Matetzschk, 874 So.2d 1192 (Fla.2004).
GROSS, J., and SILVERMAN, SCOTT, Associate Judge, concur.