895 So.2d 1161 (2005)
Gene A. HALL and Rebecca Hall, his wife, Appellants,
v.
LEXINGTON INSURANCE COMPANY, Appellee.
No. 4D04-963.
District Court of Appeal of Florida, Fourth District.
February 16, 2005.
*1163 Glenn M. Blake of Blake, Torres & Mildner, P.A., Fort Pierce, for appellants.
Steven C. Teebagy of Powers, McNalis & Torres, West Palm Beach, for appellee.
GREENE, CHARLES M., Associate Judge.
This is the second appearance by these parties before this court. In case no. 4D02-1143, the Halls appealed from a final judgment rendered in favor of Lexington Insurance Co. (Lexington) from their case-in-chief. The Halls filed a complaint against Lexington following the denial of their claim against their homeowner's insurance policy following a burglary. Following a jury trial, the jury found that the insureds intentionally misrepresented or concealed facts or circumstances relating to the insurance policy and entered judgment in favor of Lexington. This court entered a per curiam affirmance on April 16, 2003. See Hall v. Lexington Ins. Co., 843 So.2d 279 (Fla. 4th DCA 2003).
The Halls now appeal from a Final Judgment in favor of Lexington for attorney's fees and costs claiming that the offer of settlement did not state with particularity the amount proposed to settle their claim for punitive damages, that the offer of settlement did not apportion the amounts attributable to both the husband and wife, and that the trial court abused its discretion by finding that the offer of settlement was made in good faith. We affirm in all respects.
In their Amended Complaint, the Halls brought suit against Lexington for breach of contract, declaratory relief, specific performance, and bad faith. As to bad faith, the Halls alleged that Lexington failed to act in good faith by not attempting to settle the claims when they could have and should have. In their prayer for relief, the Halls sought a judgment for compensatory and punitive damages, attorney's fees and costs of the action. The Halls never *1164 sought leave of the court to amend their complaint to add a claim for punitive damages. Lexington moved to dismiss the claim for bad faith, which was denied. The parties then stipulated to hold the bad faith claim in abeyance until the breach of contract and declaratory relief counts were resolved. On September 25, 2001, Lexington filed a notice of serving offer of settlement upon the Halls in the amount for $30,000.00. The offer stated as follows:
Defendant, LEXINGTON INSURANCE COMPANY, by and through undersigned counsel, and pursuant to Florida Statutes 768.79, 45.061, and pursuant to Rule 1.442, Florida Rules of Civil Procedure, hereby serves this Offer of Settlement inclusive of all costs, interest and attorneys fees, in the amount of THIRTY THOUSAND DOLLARS ($30,000.00), in accordance with and under the terms and conditions set forth by said Statute. This offer is being made to the Plaintiffs, GENE HALL and REBECCA HALL, to satisfy all claims of the Plaintiffs against the Defendant, LEXINGTON INSURANCE COMPANY, inclusive of attorneys fees and costs.
On March 1, 2002, Lexington moved for entitlement to attorney's fees and costs following the jury's verdict in its favor. On May 28, 2002, the court entered an Order on Lexington's Motion for Entitlement of Attorney's Fees and Costs, finding that the offer of settlement was made in good faith. Thereafter, Lexington filed a motion for attorney's fees and costs on July 2, 2002 and a supplemental motion for attorney's fees and costs on May 19, 2003. This court conditionally granted Lexington's motion for appellate attorney's fees based upon the trial court determining that Lexington was entitled to fees under section 768.79, Florida Statutes (2001). The Halls opposed the supplemental motion for attorney's fees on the ground that since the bad faith claim had been bifurcated from the other counts, said claim was still pending and unresolved. Because Lexington's offer of settlement was an offer to settle all claims, the Halls claimed that the motion for attorney's fees was premature. In response, Lexington claimed that the Halls never raised this issue when the order on fees was entered a year ago.
A hearing was held on July 29, 2003. Prior to the court's ruling, the Halls moved for relief from Order on Defendant's Motion for Entitlement to Attorney's Fees and Costs, arguing that Lexington failed to follow Florida Rule of Civil Procedure 1.442 and section 768.79 which provides that a joint proposal shall state the amount and terms attributable to each party, that a full resolution of the case, including the bad faith claim had not been obtained prior to the court's ruling, that the offer of settlement failed to specifically include a resolution of the pending punitive damage claim, and that the offer of settlement was not made in good faith. Lexington opposed this motion arguing that the Halls never moved for relief from the order for more than a year after its entry.
On August 25, 2003, the court granted the Halls' motion to set aside the abatement of the action. On October 2, 2003, the court denied the Halls' motion for relief from order granting entitlement to attorney's fees and costs. On that same date, the court entered an Order on Defendant's Motion to Dismiss Plaintiff's Bad Faith Claim. The court reversed its August 25, 2003 order lifting the stay on the bad faith claim, finding that the bad faith claim did not survive after the jury verdict and entry of Final Judgment in favor of Lexington. Lexington then filed a second supplemental motion for attorney's fees and costs. On February 3, 2004, the court *1165 entered an order granting Lexington's second supplemental motion for attorney's fees and costs. On February 24, 2004, final judgment on fees and costs was entered in favor of Lexington in the amount of $106,407.00 and against the Halls, jointly and severally.
First, the Halls claim that they had a punitive damages claim pending at the time the offer of settlement was served. They argue that since the settlement offer did not delineate which portion of the $30,000.00 was to settle the punitive damages claim, the offer was invalid.
The standard of review in determining whether an offer of settlement comports with rule 1.442 and section 768.79 is de novo, because a proposal for settlement is in the nature of a contract. See Jamieson v. Kurland, 819 So.2d 267, 268 (Fla. 2d DCA 2002).
Florida law holds that before a claim for punitive damages is allowed, section 768.72 requires a plaintiff to make an initial showing by evidence in the record or proffered by the claimant that would provide a reasonable basis for recovery of such damages. See Simeon, Inc. v. Cox, 671 So.2d 158, 160 (Fla.1996); see also Stephanos v. Paine, 727 So.2d 1075, 1076 (Fla. 4th DCA 1999); WFTV, Inc. v. Hinn, 705 So.2d 1010, 1011 (Fla. 5th DCA 1998). To comply with the requirements of the statute, a plaintiff must obtain leave from the trial court to amend the complaint before punitive damages may be asserted. See Simeon, 671 So.2d at 160. If a plaintiff fails to obtain leave from the trial court to amend prior to asserting a claim for punitive damages, the complaint must be dismissed. See id. The Halls did not comply with the statute in that they never sought leave of the court to amend their complaint to assert a claim for punitive damages. Therefore, at the time the offer of settlement was made there was no claim for punitive damages pending and Lexington was not required to include such language in its offer. See Bennett v. Am. Learning Sys. of Boca Delray, Inc., 857 So.2d 986, 988 (Fla. 4th DCA 2003).
Second, the Halls argue that the trial court erred in awarding attorney's fees because the offer of settlement did not apportion the amounts attributable to both the husband and wife, and therefore, the offer violated rule 1.442. Rule 1.442(c)(3) provides:
A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party.
The committee notes to rule 1.442(c)(3) reveal that the rule was enacted to conform with Fabre v. Marin, 623 So.2d 1182 (Fla.1993), which deals with dividing the exposure of various joint tortfeasors based on their respective percentages of fault. See Safelite Glass Corp. v. Samuel, 771 So.2d 44, 46 (Fla. 4th DCA 2000) (Polen, J., concurring specially). "As amended, the joint proposal requirements allow one of several joint tortfeasors to independently evaluate the offer based on that torfeasor's individual liability before deciding whether to accept same." Id.
It is well established that the language of rule 1.442 must be strictly construed because the statute and rule are in derogation of the common law rule that each party pay their own fees. See Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278 (Fla.2003). In Hilyer Sod, the supreme court held that "[a] strict construction of the plain language of rule 1.442(c)(3) requires that offers of judgment made by multiple offerors must apportion the amount attributable to each offeror." *1166 Id. at 279. The Halls argue that such strict construction also requires this court to find that the lack of apportionment in Lexington's offer made the proposal invalid.
While this court agrees that a proposal to two or more plaintiffs who each have a claim for their own separate damages is normally unenforceable because it requires them to aggregate their damages or settle their separate claims in some collective fashion, in the matter sub judice, the Halls filed a unified, single insurance claim for damages to their home from a burglary. Both plaintiffs had the same lawyer, and there was no conflict of interest between the plaintiffs. See Safelite, 771 So.2d at 46. The record from below reflects that the Halls submitted one unified verdict form for the damages. Furthermore, the judgment entered against the Halls was joint and several. See Barnes v. Kellogg, 846 So.2d 568, 572 (Fla. 2d DCA 2003); Crowley v. Sunny's Plants, Inc., 710 So.2d 219, 221 (Fla. 3d DCA 1998). This case is distinguishable from Hilyer Sod in that the Halls' claims were unified, not separate and distinct. Furthermore, the cases of Crespo v. Woodland Lakes Creative Retirement Concepts, Inc., 845 So.2d 342 (Fla. 2d DCA 2003), McElroy v. Whittington, 867 So.2d 1241 (Fla. 4th DCA 2004), and Cohen v. Arvin, 878 So.2d 403 (Fla. 4th DCA 2004), are distinguishable from this matter in that those cases also involved separate and distinct claims. As such, we do not interpret the holding in Hilyer Sod as prohibiting the offer made in this case under these unique circumstances. See Barnes, 846 So.2d at 572.
The final point on appeal is whether the trial court abused its discretion in finding that the offer of settlement was made in good faith. The standard of review on whether a demand for judgment is in good faith is abuse of discretion. See Alexandre v. Meyer, 732 So.2d 44, 45 (Fla. 4th DCA 1999). Once a defendant shows entitlement to costs and attorney's fees, the offeree has the burden to show that the offer was not made in good faith. See Disney v. Vaughen, 804 So.2d 581, 583 (Fla. 5th DCA 2002). The determination of whether an offer was served in good faith turns entirely on whether the offeror had a reasonable foundation upon which to make the offer. See id. The Halls argue that Lexington lacked the foundation on which to base its offer on the ground that Lexington withheld the original inventory that appellant claimed was lost or damaged from the burglary, and that this action constituted a lack of good faith to resolve the claim. Lexington filed its offer of settlement five years after the start of litigation and after extensive discovery. Prior to making the offer, Lexington received documentation which it claimed would support its belief that the Halls misrepresented material facts regarding their insurance claim. Lexington claimed it had information that the Halls altered receipts for items they claimed as a loss. This fact was borne out during trial and resulted in a defense verdict. As a result, Lexington offered a $30,000.00 settlement even though the Halls claimed a loss in excess of $300,000.00. While this might seem like a nominal offer, this factual information was before the trial court. As the factfinder, we should give deference to the trial court. A review of the record reveals no evidence that the trial court abused its discretion in finding that the offer was made in good faith.
Accordingly, the judgment of the trial court is AFFIRMED.
FARMER, C.J., and SHAHOOD, J., concur.