*373
ON MOTION FOR REHEARING

GROSS, J.
Some motions for rehearing take us to task for not writing at all. Others criticize us for not deciding correctly. Appellants’ motion for rehearing in this case is of the latter variety.
The seven page motion states that the panel opinion overlooked or misapprehended a number of points, including the following:
1. This case did “not involve any issue of vicarious liability, derivative liability, or joint and several liability.”
2. This case involved a claim “made against joint defendants — Richard and Ann Graham, a husband and wife who were sued as the owners of tenancy by the entireties property.”
3. The panel decision “did not cite or even mention this Court’s recent decision” in Hall v. Lexington Ins. Co., 895 So.2d 1161, 1165 (Fla. 4th DCA 2005), which compels a decision in appellants’ favor.
We write to discuss these issues.
This case arose from a controversy over a boat slip at a yacht club community. Appellee, The Peter K. Yeskel 1996 Irrevocable Trust, owns a townhouse at the yacht club. The Grahams also own a townhouse. The Grahams own their unit as tenants by the entirety.
Yeskel and the Grahams disagreed about the proper location of an identified boat slip; the Grahams contended that the slip was located in front of Yeskel’s unit, on the Intracoastal Waterway, while Yesk-el believed that the correct location was in a lagoon off the Intracoastal.
Yeskel sued the Grahams in a five-count complaint — trespass, ejectment, declaratory relief concerning the boat slip, injunc-tive relief directed at the Grahams’ use of the slip, and conversion. The conversion count sought damages against the Grahams, jointly and severally.
The Grahams made the unapportioned offer of settlement described in the original opinion. The Grahams prevailed in a bench trial, and the trial court entered final judgment in their favor.
Although the Grahams owned their unit as tenants by the entirety, at least two of the counts — trespass and conversion — are torts for which Yeskel would have to have proved a separate and distinct liability for each Graham in order to recover damages. Different acts by each Graham may have given rise to different degrees of responsibility. For the purpose of deciding the required contents of a rule 1.442 offer of judgment, we see no distinction between this case and the ones cited in the panel opinion.
More significantly, as we wrote in the original panel opinion, we read Lamb v. Matetzschk, 906 So.2d 1037 (Fla.2005), as adopting “a bright line rule requiring apportionment under rule 1.442(c)(3).” To us a bright line rule means that it applies in all proposal for settlement cases, without exception. Rule 1.442 applies to “all proposals for settlement authorized by Florida law ...” Fla. R. Civ. P. 1.442(a). In Lamb and rule 1.442(a), we believe that the supreme court, like Dr. Seuss’s Horton the elephant,[1] meant what it said and said what it meant — rule 1.442(c) applies in all cases where proposals for settlement are authorized by Florida law, without an exception for claims against litigants relating to property they own as tenants by the entirety.
The Grahams complain of the difficulty of apportioning damages between them in *374 an offer of settlement. We see no difference between this argument and the one rejected by the supreme court in Lamb:
Lamb asserts that it is impossible to apportion an offer of settlement when one of the offerees is only vicariously liable. It may take some creative drafting to fashion an offer of settlement when one party is only vicariously liable. However, we are confident that the lawyers of this State can and will draft an offer that will satisfy the requirements of the rule.
906 So.2d at 1041.
Before Lamb, some district courts of appeal loosely applied the form and content requirements of rule 1.442(c), asking whether it was fair or logical to apply the requirements of the subsection in a given case. See Safelite Glass Corp. v. Samuel, 771 So.2d 44 (Fla. 4th DCA 2000); Barnes v. Kellogg Co., 846 So.2d 568 (Fla. 2d DCA 2003). Our decision in Hall followed this approach, relying on the analysis in Safe-lite and Kellogg. The first district declined to follow Safelite in Hilyer Sod, Inc. v. Willis Shaw Express, Inc., 817 So.2d 1050, 1052-53 (Fla. 1st DCA 2002); the supreme court approved the first district’s decision in Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276 (Fla.2003). Lamb expressly disapproved Barnes. Lamb, 906 So.2d at 1038. We do not believe that our application of rule 1.442 to the apportionment issue in Hall has survived the supreme court’s decision in Lamb.
The motion for rehearing and rehearing en banc is denied.
MAY, J„ and IMPERATO, CYNTHIA, Associate Judge, concur.

. Dr. Seuss, Horton Hatches the Egg (Random House, Inc., 1982) (1954).