890 So.2d 429 (2004)
Michael UNDERWOOD, Appellant,
v.
RHONE-POULENC RORER PHARMACEUTICALS, INC., Appellee.
No. 4D03-521.
District Court of Appeal of Florida, Fourth District.
December 29, 2004.
*430 Joseph R. Fazio, III, of Fazio, Dawson, DiSalvo, Cannon, Abers, Podrecca, Fazio & Carroll, Fort Lauderdale, for appellant.
Edward S. Mazurek of Morgan, Lewis & Bockius LLP, Philadelphia, PA, and Beth S. Joseph of Morgan, Lewis & Bockius LLP, Miami, for appellee.
GEIGER, DWIGHT L., Associate Judge.
This is an appeal from a final summary judgment by the Circuit Court of Broward County in favor of Appellee Rhone-Poulenc Rorer Pharmaceuticals, Inc.,[1] on claims by Appellant Michael Underwood for violations of the Florida Private Sector Whistleblower Act and the Florida Civil Rights Act[2] while Mr. Underwood was employed by Rhone-Poulenc Rorer Pharmaceuticals as a drug sales representative.
The record shows that the claims are intertwined and that at least a portion of both claims state a cause of action; there also are substantial issues of fact concerning both claims. The summary judgment therefore must be reversed and the causes remanded.
Appellant makes two Private Sector Whistleblower Act claims, each charging a violation of the Act's prohibition concerning retaliation against an employee for objecting to an activity, policy or practice which violates any law, rule or regulation. One Whistleblower claim alleges violations of the Federal Food, Drug, and Cosmetic Act (FDCA)[3] and regulations implementing the FDCA which control advertising of prescription drugs. Appellant claims Appellee engaged through its employees, including his boss, in activities training him and requiring him to promote "off label" uses (uses other than those on the FDA label) for the drug Lovenox. He alleges that when he objected, he was sanctioned and ultimately fired. Although there does not appear to be any case law in Florida on point, in a very similar case, Long v. *431 Rhone-Poulenc Rorer Pharmaceuticals, Inc., No. 3:98CV7037, 1999 WL 680867 (N.D.Ohio Feb.23, 1999), the Federal District Court ruled that FDCA regulations concerning drug labeling and manufacturers' disseminating information about potential drug use other than that on FDCA labels are "guidances" and do not state public policy. That case interprets the Ohio Whistleblower statute and whether "off label" marketing of drugs is a violation of statute, ordinance or regulation. Although authority is sparse, we conclude that nothing in the FDCA actually prohibits manufacturers from promoting off-label uses. The trial court was thus correct by ruling that Appellant's first Whistleblower claim, if proven, is not a violation of law, rule or regulation envisioned by the wording in the Whistleblower Act.
Appellant's second Whistleblower claim alleges retaliation and his ultimate firing after he complained about sexual harassment by his boss. He claims that this conduct violates sections 760.10(1)(a) and (7) of the Florida Civil Rights Act. Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998), states that sexual harassment is actionable against an employer as a civil rights violation if it results in a "tangible employment action" defined as an action which "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." We conclude that a tangible employment action is conduct which constitutes a violation of law and is thus prohibited by the Whistleblower Act. The sexual harassment Whistleblower claim does state a cause of action, and that claim should not have been dismissed. Further, there is a substantial issue of fact shown by the record as to whether Appellant was sanctioned and ultimately fired for poor performance or because of improper discrimination. The summary judgment on this count should not have been granted. See Sempier v. Johnson & Higgins, 45 F.3d 724 (3d Cir.1995).
Appellant's Florida Civil Rights Act claim, as noted above, is intertwined with his Whistleblower Act claim and is for sexual harassment by his boss and retaliation when he rejected her advances. For the reasons stated above, we conclude that this claim also states a cause of action. There are likewise issues of fact on this claim.
For the above reasons, the judgment appealed is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
STEVENSON and SHAHOOD, JJ., concur.
NOTES
[1] Rhone-Poulenc Rorer Pharmaceuticals, Inc., is now known as Aventis Pharmaceuticals Products, Inc.
[2] These acts are sections 448.101-.105, Florida Statutes (1997), and sections 760.01-.11, Florida Statutes (1997), respectively.
[3] 21 U.S.C. § 301-397.