908 So.2d 317 (2005)
SOUTHERN BAPTIST HOSPITAL OF FLORIDA, INC., etc., Petitioner,
v.
Jeffrey W. WELKER, Respondent.
No. SC04-380.
Supreme Court of Florida.
April 14, 2005.
*318 Harvey L. Jay, III, of Saalfield, Coulson, Shad and Jay, P.A., Jacksonville, FL, for Petitioner.
Lawrence C. Datz of Datz and Datz, P.A., Jacksonville, FL, for Respondent.
Rebecca O'Dell Townsend of Haas, Dutton, Blackburn, Lewis and Longley, P.L., Tampa, FL, on behalf of Florida Defense Lawyers Association; Gail Leverett Parenti of Parenti, Falk, Waas, Hernandez and Cortina, P.A., Coral Gables and William A. Bell, General Counsel, Tallahassee, FL, on behalf of Florida Hospital Association; and Ronald L. Harrop of Gurney and Handley, P.A., Orlando, FL, on behalf of Shands Teaching Hospital and Clinics, Inc., as Amici Curiae.
PER CURIAM.
We have for review Welker v. Southern Baptist Hospital of Florida, Inc., 864 So.2d 1178 (Fla. 1st DCA 2004), in which the First District Court of Appeal certified the following question as a matter of great public importance:
DOES FLORIDA'S IMPACT RULE PRECLUDE THE RECOVERY OF DAMAGES FOR EMOTIONAL INJURIES IN A NEGLIGENCE CASE ALLEGING THAT THE DEFENDANT'S ACTIONS WRONGFULLY CAUSED THE PLAINTIFF TO LOSE CUSTODY OF HIS CHILDREN AND ALL OTHER PARENTAL RIGHTS FOR A SIGNIFICANT PERIOD?
Id. at 1188. We have jurisdiction.[1] Because we have determined that the issue of whether the complaint states a recognized cause of action has never been properly raised, briefed or argued, we decline to address the certified question, which assumes the existence of a valid cause of action. We further decline to address whether count three of the amended complaint constitutes a medical malpractice claim that is subject to the presuit requirements of section 766.106, Florida Statutes (1999).

I. FACTS AND PROCEDURAL HISTORY
The present case arises from a letter that was written by Valerie Brink, a licensed mental health counselor who was *319 employed by Southern Baptist Hospital of Florida, Inc. (Southern Baptist). Jeffrey W. Welker filed a three-count amended complaint against Southern Baptist as a result of this letter. The complaint alleged that on July 20, 1999, Brink wrote a letter in which she diagnosed Welker's two minor children with Post Traumatic Stress Disorder and recommended that Welker's contact with his children cease immediately because such contact was "psychologically harmful" and posed a "serious threat of bodily harm." The letter specifically enumerated multiple events in which the children had claimed acts of physical abuse by Welker toward them and several of Welker's girlfriends. Welker's former wife, Penelope Donham, used Brink's letter to obtain an injunction against domestic violence against Welker that denied Welker legal custody of, visitation with, and access to his children.
Count three of the amended complaint, which is the only count relevant to this case, alleged that Southern Baptist was vicariously liable for Brink's actions in writing the letter without investigating the validity of the statements made in the letter because it was foreseeable that Donham would use the letter to obtain a domestic violence injunction that would result in the suspension of Welker's parental rights. Welker further alleged that as a result of Brink's actions, he suffered mental anguish, humiliation, embarrassment, and the loss of companionship and society of his children, for which he sought compensatory damages. He also sought attorneys' fees and costs resulting from having to defend against the injunction proceedings. Southern Baptist filed a motion to dismiss count three, asserting that dismissal was warranted on several grounds, including that the impact rule precluded recovery because there was no physical impact and that Welker failed to comply with the presuit requirements of section 766.106, which are applicable to medical malpractice claims.
At the hearing on the motion to dismiss, the trial court allowed Welker to amend his complaint to include "interference with parental rights" as an additional element of damages. The trial court then dismissed Welker's complaint with prejudice, without elaborating on its reasoning. Significant to our analysis in this case, Southern Baptist never raised the failure of count three to state a cause of action as a ground for dismissal of the complaint.
On appeal, the First District reversed the dismissal of count three, concluding that the impact rule did not preclude the recovery of damages for emotional injuries, but certified the issue as a question of great public importance. Further, the First District concluded that Welker was not required to comply with the presuit requirements of section 766.106 because his claim was not a medical malpractice claim. In doing so, the First District "note[d]" conflict with Goldman v. Halifax Medical Center, Inc., 662 So.2d 367 (Fla. 5th DCA 1995). Although not raised as an issue on appeal, the First District also concluded, without elaboration, that count three of the amended complaint "states a cause of action against [Southern Baptist] for negligent interference with [Welker's] parental rights." Welker, 864 So.2d at 1180.

II. ANALYSIS
The certified question asks us to determine whether Florida's impact rule precludes the recovery of damages for emotional injuries in a claim alleging that Southern Baptist's conduct wrongfully resulted in the suspension of Welker's parental rights for a significant period of time. This question involves a pure question of law and thus is subject to de novo review. *320 See Martinez v. Fla. Power & Light Co., 863 So.2d 1204, 1205 n. 1 (Fla.2003). Because this case is before the Court on a motion to dismiss, the factual allegations stated in the amended complaint are accepted as true. See Stone v. Wall, 734 So.2d 1038, 1039 (Fla.1999).
The impact rule, which is well established in this state, requires that "before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact." R.J. v. Humana of Fla., Inc., 652 So.2d 360, 362 (Fla.1995) (quoting Reynolds v. State Farm Mut. Auto. Ins. Co., 611 So.2d 1294, 1296 (Fla. 4th DCA 1992)). Traditionally, we have analyzed the applicability of the impact rule in cases involving recognized causes of action. See, e.g., Rowell v. Holt, 850 So.2d 474 (Fla.2003) (professional malpractice claim); Gracey v. Eaker, 837 So.2d 348 (Fla.2002) (breach of duty of confidentiality claim); Kush v. Lloyd, 616 So.2d 415 (Fla.1992) (wrongful birth claim). However, the impact rule does not apply to all recognized causes of action. Specifically, the impact rule is inapplicable to recognized intentional torts that result in predominantly emotional damages such as intentional infliction of emotional distress, defamation, or invasion of privacy claims. See Rowell, 850 So.2d at 478 n. 1. Thus, the issue of whether the impact rule applies is inextricably intertwined with the type of cause of action that is asserted.
In the present case, we decline to answer the certified question because it presupposes the existence of an otherwise viable cause of action for negligent interference with parental rights. Although we previously determined in Stone that a common law cause of action for intentional interference with the custodial parent-child relationship should be recognized in Florida, see 734 So.2d at 1039, 1047, we have never been presented with the issue of whether there is a cause of action for negligent interference with parental rights. The issue of whether such a cause of action exists was not raised by the parties in the trial court, the First District, or this Court.[2] Although Southern Baptist did not waive the defense of failure to state a cause of action by its failure to raise the defense in a motion to dismiss, we conclude that it would be unwise to address that issue as a matter of first impression in this Court.[3] Instead, we conclude that this issue is properly addressed first in the trial court.
*321 Accordingly, we decline to answer the certified question. For the same reason, we also decline to address the issue of whether, assuming count three states a valid cause of action, the claim against the hospital for vicarious liability based on the acts of the mental health counselor is subject to the presuit requirements of section 766.106. Because the First District concluded without elaboration that a cause of action for negligent interference with parental rights had been stated, we are compelled to quash the First District's decision. However, we neither approve nor disapprove of its conclusions that count three states a cause of action, and that the cause of action is neither barred by the impact rule nor chapter 766. We remand with directions to permit Welker leave to file a second amended complaint in the trial court at which time any defenses can be raised.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] See art. V, § 3(b)(4), Fla. Const.
[2] In their briefs to the First District, Welker and Southern Baptist both characterized the claim as a negligence claim but neither side discussed whether the complaint stated a recognized cause of action. It was only during oral argument that the appellate judges themselves raised the question of the legal basis for the claim and whether it was a negligent defamation claim. At that point, Welker's attorney denied that the claim was one of negligent defamation and ultimately characterized it as a negligent interference with parental rights claim. The attorney for Southern Baptist responded that "if in fact it does state a cause of action, attorney's fees and court costs" incident to regaining custody of Welker's children would be compensable and not barred by the impact rule. In briefs to this Court, only Amicus Curiae Florida Defense Lawyers Association argued that Welker's negligence claim fails to allege a legally recognized freestanding tort because the claim does not set forth the necessary elements of a cause of action. Even in reply, Southern Baptist argued only the issues of the impact rule and whether the claim was subject to the medical malpractice presuit requirements.
[3] Florida Rule of Civil Procedure 1.140(h), provides:

(h) Waiver of Defenses.
(1) A party waives all defenses and objections that the party does not present either by motion under subdivisions (b), (e), or (f) of this rule or, if the party has made no motion, in a responsive pleading except as provided in subdivision (h)(2).
(2) The defenses of failure to state a cause of action or a legal defense or to join an indispensable party may be raised by motion for judgment on the pleadings or at the trial on the merits in addition to being raised either in a motion under subdivision (b) or in the answer or reply. The defense of lack of jurisdiction of the subject matter may be raised at any time.
(Emphasis supplied.)