914 So.2d 1087 (2005)
Michele RIVERA, Appellant,
v.
TORFINO ENTERPRISES, INC., Appellee.
No. 4D04-1358.
District Court of Appeal of Florida, Fourth District.
November 30, 2005.
*1088 Isidro M. Garcia of Garcia, Elkins & Boehringer, P.A., West Palm Beach, for appellant.
Christopher S. Duke of Schwarzberg Spector Duke Schulz & Rogers and Jennifer L. Coffey of Steel Hector & Davis, LLP, West Palm Beach, for appellee.
TAYLOR, J.
Michelle Rivera appeals an order dismissing her Whistleblower's complaint against her former employer, Torfino Enterprises (Torfino). The trial court ruled that Rivera failed to state a cause of action because the Florida Civil Rights Act (FCRA) is the exclusive remedy for retaliatory discharges based on underlying discrimination complaints. We disagree and reverse.
Rivera's one-count Whistleblower's complaint alleged that on June 10, 2002, Rivera reported and objected to sexual harassment in the workplace. She claimed that shortly thereafter her supervisor chastised her for having complained and threatened her job. Nine days later, on June 19, 2002, Rivera was fired in retaliation for the complaint. In dismissing the complaint, the trial court cited two unreported federal district court decisions, which held that the Florida Civil Rights Act (FCRA) is the exclusive remedy for retaliatory discharges based on underlying discrimination complaints. See Gusler v. Pro Direct Response Corp., 1998 WL 1803344 (M.D.Fla.1998); Carter v. Home Depot, Inc., No. 01-6624-CIV-Hurley/Lynch, slip op. (S.D.Fla. Feb. 7, 2001). We respectfully disagree with the cited decisions.[1]
Orders granting motions to dismiss for failure to state a cause of action present pure questions of law and are thus reviewed de novo. S. Baptist Hosp. of Fla., Inc. v. Welker, 908 So.2d 317 (Fla. 2005).
Legislative intent is the polestar that guides a court's statutory construction analysis. Knowles v. Beverly Enterprises-Florida, Inc., 898 So.2d 1, 5 (Fla.2004). Courts are "without power to construe an unambiguous statute in a way which would extend, modify, or limit its express terms or its reasonable and obvious implications." Id. at 7 (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla.1984), emphasis omitted). *1089 "Where possible courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another." Id. at 6 (quoting Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla. 1992)). There must be a "hopeless inconsistency before rules of construction are applied to defeat the plain language of one of the statutes." Id. at 9 (quoting Agency for Health Care Admin. v. Estate of Johnson, 743 So.2d 83, 87 (Fla. 3d DCA 1999)).
Florida Statute section 448.101 et. seq. is Florida's private sector Whistleblower's Act. The relevant section in this case provides as follows:
An employer may not take any retaliatory personnel action against an employee because the employee has:
...
(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.
§ 448.102, Fla. Stat. (2004). Rivera alleges that she objected to an illegal activity (i.e., sexual harassment) and was fired in retaliation. On its face, this claim clearly appears to state a cause of action under the Act's civil remedy provision. See § 448.103, Fla. Stat. (2004).
The FCRA states that its purpose is "to secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status." § 760.01(2), Fla. Stat. (2004). The heart of the statute is a provision making it an unlawful employment practice to discharge or otherwise discriminate against any person in employment because of that individual's race, color, religion, sex, national origin, age, handicap, or marital status. § 760.10(1)(a), Fla. Stat. (2004). A supplementary provision makes it unlawful for an employer to discriminate against any person because that person has opposed an unlawful employment practice under the act. § 760.10(7), Fla. Stat. (2004). The anti-retaliation provision overlaps with the protections offered by the Whistleblower's Act. This overlap is the crux of the issue on appeal.
The remedy provisions of the two acts are dissimilar, mainly in that an FCRA claim must be brought administratively within a year of the violation, whereas a Whistleblower's claim can be brought directly to court within the shorter of two years of discovery or four years of the complained of action. See §§ 448.103; 760.11, Fla. Stat. (2004).
Twice within the last year, we have considered cases which raised both FCRA and Whistleblower claims in the "overlap" retaliation scenario. In neither case did we discuss the overlap or any exclusivity of remedy issue. In each case, we held that both FCRA and Whistleblower actions were stated. See Underwood v. Rhone-Poulenc Rorer Pharms., Inc., 890 So.2d 429, 431 (Fla. 4th DCA 2004); Selim v. Pan Am. Airways Corp., 889 So.2d 149, 161-62 (Fla. 4th DCA 2004).
Torfino directs us to a decision in Stinnett v. Williamson County Sheriff's Department, 858 S.W.2d 573, 575-76 (Tex. App.1993), which interpreted a similar overlap in Texas's Whistleblower's Act and Human Rights Act. The Texas court looked to the principle that a specific statute will control over a statute of more general application. Id.; see also McKendry v. State, 641 So.2d 45, 46 (Fla.1994); Palm Harbor Special Fire Control Dist. v. Kelly, 516 So.2d 249, 251 (Fla.1987). The Texas court pointed out that the parties sharply disagreed over which statute was more specific: the Human Rights Act, which specifically provided relief for discrimination, *1090 or the Whistleblower's Act, which specifically provided recourse for retaliatory firing. It concluded that the Human Rights Act was the more specific statute and thus reasoned that it provided the exclusive remedy.
Retaliation is the essence of the instant cause of action, as Rivera does not seek relief for the underlying sexual harassment. Both the FCRA and the Whistleblowers Act protect against retaliation. If there is a difference between the two acts in this regard, it lies in the fact that the Whistleblower's Act has retaliatory firing as its central purpose, whereas the anti-retaliation provision of the FCRA appears to be auxiliary in nature. Thus, unlike Texas, Florida's more specific statute is the Whistleblower's Act. In any event, we see no reason why these two statutes cannot be harmonized to give effect to both. It appears that these statutes were intended to provide dual remedies in "overlap" cases, and that they should be so construed.
Urging us to affirm the dismissal of Rivera's Whistleblower complaint, Torfino makes a "right for the wrong reason" argument. Its argument is premised on its claim that it has fewer than fifteen employees. Because both Title VII and the FCRA apply only to employers with fifteen or more employees, Torfino argues that the sexual harassment in question was not illegal, and hence Rivera's firing could not be in retaliation for illegal activity under the Whistleblower's Act. While this argument may ultimately make short order of this case on summary judgment, the argument requires going outside the four corners of the complaint. This is impermissible at the motion to dismiss stage. We therefore reject Torfino's argument.
Because appellant's complaint states a cause of action under the Whistleblower Act, the trial court erred in dismissing it. We therefore reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
STEVENSON, C.J. and HAZOURI, J., concur.
NOTES
[1] In both opinions the district courts hold that Title VII and the FCRA are the exclusive remedies for retaliation in this situation; however, neither opinion provides any supporting analysis or authority for reaching this conclusion. Carter states that "[t]o permit [the Whistle-Blower's claim] would ... defeat the policies underpinning the administrative review prerequisites prescribed by the FCRA." But the opinion does not clarify the specific policies referred to, nor explains why these policies should have primacy over the "non-administrative review policies" of the Whistle-Blower's Act.