972 So.2d 170 (2007)
Jeffrey WOODARD, et al., Petitioners,
v.
JUPITER CHRISTIAN SCHOOL, et al., Respondents.
No. SC05-1986.
Supreme Court of Florida.
December 6, 2007.
William W. Booth and Michelle Hankey of Legal Aid Society of Palm Beach County, Inc., Juvenile Advocacy Project, West Palm Beach, FL, for Petitioners.
John L. Bryan, Jr. of Scott, Harris, Bryan, Barra, and Jorgensen, P.A., Palm Beach Gardens, FL, for Respondents.
Robert S. Glazier, Miami, Florida, on behalf of the Academy of Florida Trial Lawyers; and Bernard P. Perlmutter and Kele S. Williams of University of Miami School of Law, Children and Youth Law Clinic, Coral Gables, FL, Siobhan Helene Shea, Palm Beach, FL, and Joseph J. Ward of Holland and Knight, LLP, West Palm Beach, FL, on behalf of Florida's Children First, Inc., as Amicus Curiae.
PER CURIAM.
This case is before the Court because the district court certified a question to be of great public importance. Woodard v. Jupiter Christian School, Inc., 913 So.2d 1188 (Fla. 4th DCA 2005). We have discretionary jurisdiction. See art. V, § 3(b)(4), Fla. Const. However, upon review we have concluded that jurisdiction should be discharged. Accordingly, we dismiss review.
It is so ordered.
LEWIS, C.J., and WELLS, QUINCE, CANTERO, and BELL, JJ., concur.
PARIENTE, J., dissents with an opinion, in which ANSTEAD, J., concurs.
PARIENTE, J., dissenting.
I respectfully dissent. The majority's decision to discharge jurisdiction in this case leaves intact the Fourth District's application of the impact rule as a bar to Woodard's recovery. Discharging jurisdiction in this case not only continues to muddy the waters surrounding the impact rule but leaves untouched a district court opinion that is, in my view, at odds with this Court's decisions in Gracey v. Eaker, 837 So.2d 348 (Fla.2002), and Florida Department of Corrections v. Abril, 969 So.2d 201 (Fla.2007).
*171 It should come as no surprise that I disagree with the Fourth District majority because, as I have stated in each and every impact rule case that has been certified to this Court in the past several years, I believe the impact rule should be abolished. See Willis v. Gami Golden Glades, LLC, 967 So.2d 846, 863 (Fla.2007) (Pariente, J., concurring); Abril, 969 So.2d at 208 (Pariente, J., concurring); Rowell v. Holt, 850 So.2d 474, 482-84 (Fla.2003) (Pariente, J., specially concurring); Gracey, 837 So.2d at 359 (Pariente, J., concurring). As I have explained, the impact rule reflects a skepticism about damages resulting from psychological injuries that does not exist for physical injuries. See Rowell, 850 So.2d at 483 (Pariente, J., specially concurring). Yet, psychological trauma can cause harm to an individual that is equal to or greater than physical injury. Like physical injury, the results of psychological trauma can endure for a lifetime.
Even with the impact rule, this case is substantially similar to others where we have recognized exceptions to the impact rule. Woodard's claim in this case is for emotional distress resulting from the school chaplain's breach of confidentiality. In Kush v. Lloyd, 616 So.2d 415, 422 (Fla. 1992), we recognized that the impact rule is "inapplicable to recognized torts in which damages often are predominately emotional, such as . . . invasion of privacy." (Emphases supplied.) We reiterated this statement in Gracey and held that the impact rule did not bar a claim for emotional distress resulting from a psychotherapist's breach of confidentiality because
[t]he emotional distress that the Graceys allege they have suffered is at least equal to that typically suffered by the victim of a defamation or an invasion of privacy. Indeed, we can envision few occurrences more likely to result in emotional distress than having one's psychotherapist reveal without authorization or justification the most confidential details of one's life.
837 So.2d at 356. Most recently, in Abril, we relied on Gracey to hold that the impact rule does not bar a cause of action for a breach of confidentiality in negligently disclosing the results of HIV testing. Abril, 969 So.2d at 207.
In my view, the alleged emotional distress caused by the breach of confidentiality in this case is indistinguishable from that alleged in Gracey and Abril. In fact, the circumstances of this case make it an even more compelling one for not applying the impact rule. In this case, Woodard alleged that the school chaplain's objective was to "minister to high school teenagers" and "not only be a teacher to them, but also one whom they can trust and approach without fear and intimidation." The plaintiff was a senior when the chaplain was directed to meet with him so he could be questioned and counseled about his sexual orientation. According to the allegations in the complaint, the chaplain assured him that their conversation was confidential. Only after receiving that assurance did Woodard reveal he was homosexual. The chaplain relayed this information to school administrators, who disclosed the information to others. Woodard was subsequently expelled from school. The complaint alleged that as a result of the disclosure, Woodard was berated by the press and the president of the school, and shunned by his schoolmates.
The emotional distress Woodard allegedly suffered as a result of the school chaplain's breach of confidentiality "is at least equal to that typically suffered by the victim of a defamation or an invasion of privacy." Gracey, 837 So.2d at 356. Like Gracey *172 and Abril, this is a case "in which the foreseeability and gravity of the emotional injury involved, and lack of countervailing policy concerns, have surmounted the policy rationale undergirding application of the impact rule." Rowell, 850 So.2d at 478. By concluding that the impact rule does not bar recovery in certain cases and then deciding to leave intact a district court decision that is contrary to that precedent, the Court, in my view, is continuing to generate uncertainty in the law.[1] As Justice Cantero recently observed, the number of certified questions from the district courts regarding the impact rule's application or continued viability is evidence of the confusion our jurisprudence has created. See Willis, 967 So.2d at 876-77 (Cantero, J., dissenting). I believe that the Court's inconsistent application of the impact rule and its decision today to discharge jurisdiction will serve only to further the confusion and unpredictability that exists in our impact law jurisprudence. For all these reasons, I must dissent.
ANSTEAD, J., concurs.
NOTES
[1] There is another wrinkle in this case and that is whether a valid underlying cause of action exists. We have certainly declined to answer certified questions where there is a question as to whether a valid underlying cause of action exists, but in those cases we have explained our reasoning. See, e.g., S. Baptist Hosp. of Fla., Inc. v. Welker, 908 So.2d 317, 320 (Fla.2005) (declining to answer certified question "because it presuppose[d] the existence of an otherwise viable cause of action"). In this case, the Fourth District's decision concludes that the impact rule bars recovery and therefore, at least implicitly, recognizes that a cause of action exists-one for breach of the clergyman privilege under section 90.505(1)(a), Florida Statutes (2004). I disagree with the Fourth District to the extent it recognized a cause of action for a breach of the evidentiary privilege contained in section 90.505(1)(a). However, I believe that Woodard has alleged a valid cause of action for breach of a common law fiduciary duty. If the failure to state a cause of action is the reason for the discharge, the majority opinion should so state.