[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 9, 2010
JOHN LEY
CLERK

No. 09-15152
Non-Argument Calendar
_____

D. C. Docket No. 07-00438-CV-4-SPM

ABDUL ALANSARI,
THERESA BENDER,
as Bankruptcy Trustee for Abdul Alansari,

                                        Plaintiffs-Appellees,

versus

TROPIC STAR SEAFOOD INC.,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 9, 2010)

Before EDMONDSON, BLACK, and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant Tropic Star Seafood, Inc., appeals the order denying its motion for attorneys' fees on Plaintiff's retaliation claims brought pursuant to the Florida Whistleblower Act and the Florida Workers' Compensation Act. The district court granted summary judgment in favor of Defendant on all of Plaintiff's employment discrimination claims, including claims brought pursuant to Title VII of the Civil Rights Act and the Florida Civil Rights Act ("FCRA"). No reversible error has been shown; we affirm.

Pursuant to Fla. Stat. § 768.79, Defendant made Plaintiff an offer of judgment on the whistleblower and workers' compensation claims; Plaintiff rejected the offer. The district court denied Defendant's motion for attorneys' fees on the these claims because the claims arose from the same facts and circumstances as Plaintiff's Title VII and FCRA claims; and Defendant was unentitled to attorneys' fees on those claims because they were not frivolous.

On appeal, Defendant argues that the district court erred in not granting it attorneys' fees on the whistleblower and workers' compensation retaliation claims because an award of attorneys fees under the offer-of-judgment statute is not restricted to frivolous or bad faith claims.[1] We review a district court's denial of

_____

[1]Defendant does not challenge the denial of attorneys' fees on the Title VII and FCRA claims.

attorneys' fees for an abuse of discretion. Matter of Trinity Indus., Inc., 876 F.2d 1485, 1496 (11th Cir. 1989). And we review questions of law de novo and fact findings for clear error. Jones v. United Space Alliance, L.L.C., 494 F.3d 1306, 1309 (11th Cir. 2007).

The Florida offer-of-judgment statute provides that in a civil action where the defendant prevails, if, before judgment, the "defendant file[d] an offer of judgment which [was] not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred." Fla. Stat. § 768.79(1).[2] Per Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 98 S.Ct. 694, 700 (1978), prevailing defendants cannot recover attorneys' fees in Title VII cases unless the underlying claim was "frivolous, unreasonable, or without foundation." In Jones, we applied Christiansburg to limit the application of section 768.79 to cases brought under the FCRA. We concluded that defendants cannot recover attorneys' fees under the FCRA, even after an offer of judgment, unless the action is determined to be frivolous because

> (1) Florida courts have limited the application of [section] 768.79 in federal civil rights cases under [section] 1988 [the federal attorneys' fee statute] to those that are "frivolous, unreasonable, or without

---

[2]Because the offer-of-judgment statute is substantive law, we look to Florida law to determine whether section 768.79 should be applied in this case. Jones, 494 F.3d at 1309-10.

3

foundation"; (2) cases brought under [section] 1988 and Title VII attorneys' fees provisions are to be governed by the same standard; and (3) the FCRA is to be interpreted consistently with Title VII.

Jones, 494 F.3d at 1310-11 (internal citations omitted).

The district court relied on Jones in concluding that Defendant was unentitled to attorneys' fees on the whistleblower and workers' compensation claims. We discern no error in the court's decision. Title VI and whistleblower retaliation claims employ the same analysis, just as Title VII and FCRA claims do. See Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 950 (11th Cir. 2000); Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1389 (11th Cir. 1998). And Florida courts have recognized the similarity and overlap between claims under the FCRA and the Florida Whistleblower Act. See Rivera v. Torfino Enter., Inc., 914 So.2d 1087, 1089-90 (Fla. 4th Dist. Ct. App. 2005) (noting that the FCRA and the Whistleblower Act both protect against retaliation); Underwood v. Rhone-Poulenc Rorer Pharm., 890 So.2d 429, 431 (Fla. 4th Dist. Ct. App. 2004) (concluding that appellant's FCRA claim was intertwined with his whistleblower claim because the claims had a similar factual basis).

All of Plaintiff's civil rights claims were based on the same set of facts. And these facts -- whether brought pursuant to state or federal civil rights statutes -- are governed by the same legal standards. Thus, because Florida law prevents awards

4

of attorneys' fees, even after an offer of judgment, in state and federal civil rights cases absent a showing of frivolity, the court did not err in declining to award fees under section 768.79.[3]

The record also supports the district court's alternative ruling that the offer of judgment was facially invalid and also precluded an award of attorneys' fees. The offer failed to discuss specifically Plaintiff's request for injunctive relief and failed to address how much of the settlement was attributable to each plaintiff.[4] See Dudley v. McCormick, 799 So.2d 436, 441 (Fla. 1st Dist. Ct. App. 2001) (reversing an award of attorneys' fees based on Fla.R.Civ.P. 1.442(c)(3), because the settlement proposal neither specified separate amounts for each plaintiff nor designated one plaintiff as the offeree); Di Paola v. Beach Terrace Ass'n, Inc., 718 So.2d 1275, 1277 (Fla. 2nd Dist. Ct. App. 1998) (reversing an award of attorneys' fees because offer of judgment failed to state whether defendant agreed to the entry of injunctions to satisfy the plaintiff's request for injunctive relief, yet it claimed to allow judgment on "all claims").

AFFIRMED.

---

[3]Defendant does not argue that Plaintiff's whistleblower and workers' compensation claims were frivolous.

[4]Alansari included his bankruptcy trustee as a plaintiff in his complaint.