[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12377
Non-Argument Calendar

_____

D. C. Docket No. 0:11-cv-61188-KMW

TOM YARCHESKI,

Plaintiff-Appellant,

versus

KEISER SCHOOL, INC.,
d.b.a. Keiser University,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 5, 2013)

Before DUBINA, Chief Judge, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the district court dismissing plaintiff/appellant, Dr. Tom Yarcheski's ("Yarcheski") amended complaint. The district court dismissed Count 1 of the amended complaint, which contained a claim for breach of contract, because Yarcheski's employment contract expressly provides that it is an at-will agreement and does not imply continued employment for a set period of time.

Because this is an appeal from a Federal Rule of Civil Procedure 12(b)(6) dismissal, we review de novo the district court's order, drawing all the facts from the amended complaint, accepting those facts as true, and construing them in the light most favorable to the plaintiff. *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1271 n.4 (11th Cir. 2012); *Ironworkers Local Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). To survive a motion to dismiss, the plaintiff must plead "a claim to relief that is plausible on its face." *Id.* at 570, 127 S. Ct. at 1974.

2

Because subject matter jurisdiction in this case is predicated on the diversity of citizenship of the parties under 28 U.S.C. § 1332(a)(1), Florida substantive law applies to the legal issues presented in this appeal. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 950 (11th Cir. 2000).

Yarcheski acknowledges in his initial brief that he can only state a cause of action for breach of an employment contract if the agreement established employment for a definite term. Under Florida law, no cause of action arises for breach of an at-will employment contract. *Smith v. Piezo Technology & Professional Adm'rs*, 427 So. 2d 182, 184 (Fla. 1983).

The issue of whether a contract is for employment at-will is a question of law that is resolved by a review of the contract. *Olsen v. Allstate Ins. Co.*, 759 F. Supp. 782, 786 (M.D. Fla. 1991).

After reviewing the agreement at issue here, we conclude that the agreement does not provide for a definite duration of employment. There is no mention in the agreement that Yarcheski was being employed for a definite period of time. Additionally, the agreement expressly states that it is terminable "at-will" and "does not imply continued employment for a set period of time." Thus, we agree with the district court that under Florida law, the agreement is one for at-will

3

employment which cannot support a breach of contract action.  Accordingly, we affirm the dismissal of Count 1.

We also conclude that the district court properly dismissed Yarcheski's claim under Florida's Private Whistleblower Act (Florida Statute § 448.101 *et seq.*) (hereinafter "FWA").  To state a claim under the FWA, a plaintiff must set forth facts to show: (1) he engaged in a statutorily protected activity; (2) he suffered a materially adverse action of a type that would dissuade a reasonable employee from engaging in statutorily-protected activity; and (3) there was some causal connection between these events.  See *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (setting forth elements for retaliation claim under Title VII).  *See also Rivera v. Torfino Enter., Inc.*, 914 So.2d 1087, 1089 (Fla. Dist. Ct. App. 2005) (noting that the Florida Civil Rights Act's anti-retaliation provision overlaps with the protections offered by the Florida Whistleblowers Act); *Selim v. Pan Am. Airways Corp*, 889 So.2d 149, 154 (Fla. Dist. Ct. App. 2004) (noting that Florida Civil Rights Act is patterned after Title VII).

We conclude from a review of Yarcheski's amended complaint that it fails to contain any factual allegations showing that Yarcheski engaged in a statutorily-protected activity, and therefore, we conclude that the district court properly dismissed the amended complaint for failure to state a claim.  Moreover, because

4

Yarcheski cannot demonstrate that he complained about Keiser University allegedly violating an applicable law, rule or regulation as required by the FWA, the district court also properly dismissed this claim with prejudice.

Because we conclude from the record and briefs that there is no merit to any of Yarcheski's appellate arguments, we affirm the district court's judgment of dismissal.

**AFFIRMED.**[1]

---

[1] Keiser University's motion for damages and costs filed on August 21, 2012, is **DENIED.**